## OLDS ET AL. *v.* LOCHNER ET AL.

### [No. 8,464.   Filed November 25, 1914.]

1. APPEAL. — *Review.* — *Instructions.* — *Evidence.*—Where the evidence is not in the record, alleged error in the giving of an instruction will not work a reversal, if such instruction was proper under any state of facts provable under the issues.  p. 270.

2. APPEAL.—*Review.*—*Consideration of Instructions.*—Instructions should be construed as a whole, and if when so considered they fully and fairly present the law of the case, the jury can not be said to have been misled by any particular instruction.  p. 270.

3. APPEAL.—*Review.*—*Invited Error.*—Where defendants in an action on a building contract tendered an instruction stating that in the first three paragraphs of complaint it was alleged that the defendants had entered into a contract with plaintiffs, and that the contract was in writing, they can not be heard to complain that the court erred in instructing the jury that the first three paragraphs of complaint were upon a written contract, since the error was invited.  p. 270.

4. CONTRACTS.—*Building Contracts.*—*Instructions.*—*Issues.*—In an action on a building contract, where the first and second paragraphs of complaint counted on a written contract, and also alleged that certain changes were made during the construction of the building at defendants' request which were not in the original contract and specifications, and stated in detail changes that had been made in the plans and specifications, and the third paragraph counted upon an oral contract, while the fourth sought to recover only for the alleged extras, and each paragraph, except the fourth, alleged performance by plaintiffs, instructions that the jury should find for plaintiffs if it was proven by a preponderance of the evidence that they had substantially complied with the provisions of the written contract and such oral modifications as may have been made, or that the building was accepted by defendants as substantially completed under such contract and modifications, were applicable and did not mislead the jury as to the issues presented for its decision.  p. 271.

5. APPEAL.—*Review.*—*Harmless Error.* — *Instructions.* — An inaccuracy in an instruction in an action on a building contract, consisting in the use of the word "sill" for "beam", was harmless, where it was apparent that the jury was not misled.  p. 273.

From Superior Court of Allen County; *James H. Rose,* Special Judge.

Action by Charles Lochner and another against Egbert

C. Olds and another. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*Henry G. Hogan* and *Guy Colerick,* for appellants.
*W. H. Reed* and *John H. Aiken,* for appellees.

FELT, J.—Appellees brought this action against appellants to recover an alleged balance due on a building contract. Issues were formed on the complaint in four paragraphs by an answer in general denial. Appellants also filed a counterclaim upon which issues were formed by general denial. A trial by jury resulted in a verdict in favor of appellees on their complaint and against appellants on their counterclaim. Appellants' motion for a new trial was overruled and judgment rendered on the verdict.

The only error assigned and relied on for reversal is the ruling on the motion for a new trial. All grounds of such motion are expressly waived except the two subdivisions of the fourth ground thereof which relate to the giving and the refusal to give, certain instructions. The evidence is not in the record and in such case a judgment will not be reversed for the giving of an alleged erroneous instruction where such instruction would be proper under any state of facts provable under the issues. The instructions should be construed as a whole and if when so considered they fairly and fully present the law of the case, it can not be said that the jury was misled by any of the instructions given.

It is urged that the court erroneously instructed the jury that the first three paragraphs of the complaint were upon a written contract. Conceding this to be erroneous appellants are in no position to complain because they invited the error by instruction No. 1, tendered by them in which it is stated: "In the first three (paragraphs) the plaintiffs have alleged in substance that the defendants entered into a contract with the plaintiffs by which plaintiffs were to build a dwelling house for the de-

fendants; that said contract is in writing." Furthermore from a consideration of all the instructions it is apparent that the jury was not misled nor appellants harmed by the instruction.

The first and second paragraphs of complaint count upon a written contract and also allege that certain changes were made during the construction of the building at the request of appellants for which they agreed to pay a stipulated amount for each separate item. It is alleged that said changes called for things not in the original contract and specifications and the several items thereof were "additional consideration to be paid". It is also charged that after entering into the contract certain changes in the plans and specifications were mutually agreed to by the parties, which are definitely stated in detail, and then it is alleged "That the plaintiffs have duly performed all of the conditions of said contract on their part to be performed." The third paragraph of complaint counts upon an oral contract and sets out the whole transaction in detail. The fourth paragraph seeks to recover only for the alleged extras. Each paragraph except the fourth alleges the performance of the work and that there is a balance due and unpaid amounting in all to $189. The fourth paragraph alleges the value of the extras to be $50 and that the same is unpaid.

The action of the court, in giving of its own motion, instructions Nos. 3 and 5, and refusing to give appellants' instructions Nos. 3, 4, 6 and 7, involves but one question. The court by its own instructions Nos. 3 and 5, stated to the jury among other things, that under the issues it should find for the appellees, in the event it is proven by a preponderance of the evidence "that they have substantially complied with the provisions of the written contract upon their part to be done and performed, and such oral modifications thereof as may have been made by the parties, *or that the dwelling house was accepted by the defendants as sub-*

*stantially completed under such contract and such modifications.*" (Our italics.)

The appellants requested the court, by their instructions Nos. 3, 4, 6 and 7, to state to the jury in substance, that if it found from the evidence that the appellees had failed, omitted or neglected to perform any of the work called for in their original contract in a workmanlike manner or that the materials used were not reasonably suitable for use in buildings of the kind described in the contract, or if it would require the expenditure of money on the part of appellants to remedy any such work so performed in an unworkmanlike manner, or to replace such unsuitable material, appellees could not recover on their complaint.

Appellants admit that the court's instructions correctly state the law in the abstract but claim they are not applicable to the issues presented by the complaint in this action; that the complaint presents an issue that requires substantial performance and the instructions permit a recovery on a waiver of full performance and an acceptance of the building.

Without considering the correctness of the instructions tendered by appellants, it appears from a reading of the instructions given that the jury was not misled as to the issue presented for its decision. The complaint alleges the execution of a written contract to build a house according to certain plans and specifications. It also alleges an oral contract for certain specified extras, and that after the original contract was entered into, the plans and specifications were changed in many respects, details of which are fully alleged; that appellants agreed to pay for the extras and the changes were made at their request and mutually agreed upon; that appellees "performed all of the conditions of said contract on their part to be performed". These averments do not show that appellees were seeking to recover on part performance of their original contract and a waiver of performance of part of the obligations assumed

by them, but that they were suing to recover the balance due on the contract as modified and for extras authorized by appellants. The detailed changes and modifications alleged in the complaint, if proven, showed that appellants had abandoned or waived performance of some of the provisions of the original contract and by oral agreements had so changed the plans as to make full performance of the original contract impossible. The averments of performance on the part of appellees can not reasonably be said to mean performance of all the provisions of the contract as originally made, but evidently meant, and must be held to mean that they had performed all the obligations resting upon them under the whole contract shown by the averments of the complaint. The latter part of the instruction complained of in substance told the jury that if the defendants had themselves accepted the house as substantially completed under the original contract and the subsequent modifications thereof, that was sufficient proof of performance on appellees' part to entitle them to a recovery.

The objections to instruction No. 16 given by the court are based upon the use of the word "sill" for "beam",
5. but in such connection that when considered with the other instructions it is plain that the inaccuracy of expression could not have misled the jury.

The judgment seems to be just on the merits of the case and no intervening error is pointed out which will warrant a reversal. §§407, 700 Burns 1914, §§398, 658 R. S. 1881; *First Nat. Bank* v. *Ransford* (1914), 55 Ind. App. 663, 104 N. E. 604, and cases cited.

Judgment affirmed.

NOTE.—Reported in 106 N. E. 889. As to substantial performance of building contracts, see 30 Am. St. 616. See, also, under (1) 3 Cyc. 303; (2) 38 Cyc. 1778; (3) 3 Cyc. 248; (4) 6 Cyc. 106; (5) 38 Cyc. 1809.