## DRUDGE *v.* CITIZENS BANK OF AKRON.

[No. 9,147. Filed June 8, 1916. Rehearing denied December 14, 1916. Transfer denied April 4, 1917.]

1. BANKS AND BANKING.—*Insolvency.—Assets.—Trust Property. —Failure to Record Trust Agreement.—Effect.—Statute.*—Section 10 of the act of 1907, Acts 1907 p. 174, §3411 Burns 1914, providing that property held in trust by a bank shall be considered as assets of the bank, in case it should go into liquidation and its funds are insufficient to pay all depositors, unless the trust agreement is recorded in the office of the county recorder and filed with the auditor of state, applies to notes and mortgages held in trust by a bank. p. 223.

2. BANKS AND BANKING.—*Insolvency.—Assets.—Trust Property.—Statute.—Scope.*—Section 3411 Burns 1914, Acts 1907 p. 174, relating to the use of trust property held by an insolvent bank for the payment of depositors, operates only in favor of depositors when the bank is being wound up and the assets are insufficient to pay the depositors in full, and has no application where the funds are sufficient to meet the claims of depositors. p. 224.

3. TRUSTS.—*Elements.*—A trust is a confidence reposed in one person by another with respect to property held by the former for the benefit of the latter. p. 225.

4. BANKS AND BANKING.—*Purchasing Notes From Cashier.*— *Payment at Bank During Banking Hours.*—*Effect.*—Where notes and mortgages were purchased from the cashier of a bank during banking hours and payment therefor was made in the bank while the cashier was in the discharge of the duties of his official position, the receipt of the consideration under such circumstances was payment to the bank. p. 225.

5. CONVERSION.—*Action.*—*Evidence.*—*Ownership of Property.*— *Failure to Include in Tax Schedules.*—In an action against a bank for damages for the conversion of notes held in trust, the fact that plaintiff failed to include the notes in his schedule of taxable property is not important on the issue of ownership. p. 226.

6. CONVERSION.—*Notes Held in Trust by Bank.*—*Lawful Appropriation.*—Where notes and mortgages held in trust by a bank were lawfully used in winding up its affairs to pay depositors because the trust agreement was not recorded and filed as required by §3411 Burns 1914, Acts 1907 p. 174, conversion will not lie to recover the value of the notes, since there can be no conversion where property has been rightfully taken in pursuance to law. p. 226.

7. APPEAL.—*Review.*—*Harmless Error.*—*Reversal.*—*Statute.*— Under §§407, 700 Burns 1914, §§398, 658 R. S. 1881, providing that a judgment shall not be reversed for mere technical errors when the cause has been fairly tried and determined, where the ultimate result reached by the trial court is correct, a judgment will not be reversed for erroneous conclusion of law or for intervening errors that deprive the complaining party of no substantial right. p. 227.

From Marshall Circuit Court; *Harry Bernetha,* Judge.

Action by Francis M. Drudge against the Citizens Bank of Akron. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Isaiah Connor, Julius Rowley* and *Harley A. Logan,* for appellant.

*Holman & Bryant, Reuben R. Carr* and *M. A. Baker,* for appellee.

FELT, J.—This is a suit to recover damages for the conversion of the proceeds of five promissory notes. The complaint is in five paragraphs and each is for the re-

covery of the amount of the proceeds of a separate note. The paragraphs are alike except in the description of the notes and the amount demanded. The first paragraph alleges, in substance, that appellee is an incorporated bank under the laws of this State and at the times herein mentioned was engaged in the banking business in the town of Akron, Indiana; that on July 28, 1910, appellant owned and held a promissory note executed by one Milo Harold for $1,500, which he delivered to appellee for safe keeping only; that sometime afterwards appellee received from said Harold the full amount of said note with interest, amounting to $1,606.50, and wrongfully and unlawfully paid out the whole of said amount in discharge of its obligation to its depositors, other than appellant, and in that manner wrongfully and unlawfully converted the money to its own use to the damage of appellant in the sum of $2,000.

Each paragraph was answered by general denial and by two paragraphs of special answer. A reply in general denial was filed to each of the special answers. The second paragraph of answer sets out each of the notes in controversy together with the respective mortgages securing them, the record thereof and all indorsements and writings of every kind and character, or in anywise pertaining thereto and appearing in said instruments and the record thereof, and alleges that there is no other record, indorsement or writing of any character whatever relating to the ownership of said notes and mortgages.

The third paragraph of answer alleges that on the several dates set forth in the answer, up to the time the bank was closed, appellee was doing a banking business at Akron, Indiana, under the private banking laws of this State; that the notes mentioned in the complaint were each given and made payable to appellee, together

with the mortgages securing the same, and that such instruments and the proceeds thereof were and are the property of appellee and a part of the assets thereof: that the remaining assets of said bank are insufficient to pay in full the bona fide claims of all the depositors; that no instrument of any kind showing that appellee ever held the notes mentioned in the complaint in trust for appellant, or any other person, was ever executed by appellee, nor was any such instrument ever recorded in the recorder's office of Fulton county, Indiana, nor was any copy thereof filed with the auditor of state; that appellee is in voluntary liquidation and has been since November 3, 1911, and that the depositors are not yet fully paid and satisfied, and that the assets of the appellee bank, including the proceeds of the notes set out in the complaint, are insufficient to pay and satisfy all the claims of the depositors.

- On request the court made a special finding of facts and stated its conclusions of law thereon. The court found the facts as alleged in the special answers and many other facts and details of the transactions, the substance of which, as far as material here, is as follows: That appellee was organized as a copartnership in June, 1905, and as such engaged in the business of private banking at Akron, Indiana, continuously from that time to November 3, 1911, when the bank was closed by the auditor of state; that this suit was begun on July 15, 1912; that Howard B. Harter was cashier of the bank from the date of its organization until it was closed; that the bank in the usual course of business made the following loans of its funds: Milo Harold, $1,500; Walter L. Rogers, $500; Reuben Kamp, $1,200 and $3,000; Edwin Landis, $800, and took from each a note for the amount so loaned to him, payable to the bank; that each of said notes was secured by a mortgage on land owned by the borrower, which mort-

gages were recorded in the recorder's office of the proper county. Copies of the notes and their indorsements and the mortgages are set out in full in the finding of facts. That appellant and said Harter, without the knowledge or consent of the directors or stockholders of the bank, entered into a pretended sale to appellant of said notes and mortgages, which notes were indorsed on the back with a rubber stamp, "Citizens Bank, Akron, Indiana, .................., Cashier," except the Harold note, which was not indorsed; that said mortgages were not assigned to appellant; that the cashier, Harter, received from appellant the principal and the unpaid interest accrued on said notes to the date of sale and delivered them to appellant who immediately returned them to the cashier and took receipts therefor from said cashier, which are as follows:

"July 23, 1910.

"Received from F. M. Drudge Two Notes—Milo Harold $1,500.00 and Walter Rogers $500.00 secured by real estate mortgage—Same left for collection and safe keeping.

$2000.00             Citizens Bank, Akron, Indiana,
                     ...............,.Cashier."

"September 2, 1910.

"This is to certify that F. M. Drudge has on deposit at this bank one note bearing date of April 13th, 1910—calling for $1200.00 due in five years —endorsed by Reuben Kamp—Secured by First real estate mortgage—Note to be delivered only upon the surrender of this receipt to him or his heirs only.

Signed     Citizens Bank, Akron, Indiana,
               By H. Harter, Cashier."

"Dec. 16, 1910.

"Received of F. M. Drudge Eight Hundred Dollars Edwin Landis Mortgage note dated May 19th, 1909, Secured by real estate mortgage for safe keeping.

          Citizens Bank, Akron, Indiana,
                    H. Harter."

"Received from F. M. Drudge one note of $3000.00 secured by junior mortgage on Reuben Kamp farm dated May 29th, 1911, due in six months this note is left for safe keeping and to be delivered upon the return of this receipt.

Signed    Citizens Bank, Akron, Indiana."

That none of said mortgages were ever delivered to appellant and the bank never received the money so paid by him, although credited on the books of the bank; that the negotiations for the purchase of said notes by appellant and the payment of the money therefor by him all took place in the banking rooms of appellee in Akron, Indiana, during banking hours. After said notes were left with the bank said Harter collected the interest on them at about the time it became due up to November, 1911, and paid the interest so collected thereon to appellant; that the cashier squandered the money obtained from appellant for the notes on the Chicago Board of Trade, in speculations on his own account, which resulted in a loss to him of $33,500, which facts were unknown to the other officials and stockholders of the bank until the bank was closed; that appellant did not, after said sale, or at any time, file with the recorder of his county or with the auditor of state any certificates showing that said bank held said notes and mortgages for him in trust, nor did the board of directors or stockholders know that said notes and securities were held by the bank in trust, or that appellant so claimed, until the bank was closed, but believed them to be a part of the assets of the bank and they were so considered by the state bank examiner, who included them in the totals of his report of loans secured by mortgage; that appellant is a farmer and was a customer of the bank; that each year after he purchased the notes in suit he failed to list the notes for taxation upon any of the schedules made by him, ex-

cept that of 1912, when they were mentioned in his schedule as "in litigation," but not included in his taxable property; that each of these schedules was verified as required by statute; that the purchase of said notes by appellant and the execution of the receipts aforesaid and the failure to take assignments of the mortgages were for the purpose and with the design of evading taxation upon the amount represented by the notes. That at the date of the commencement of this suit appellee owed its depositors $22,654.30 in excess of all of its assets; that appellee was liquidated through the Akron Exchange Bank, and one John McCullough was put in charge of the business and given the title of cashier; that through his agency all of the notes in controversy were collected or sold to the Akron Exchange Bank, which paid full value therefor, and the proceeds were paid to the depositors of appellee bank; that the bank examiner found the notes among the assets of the bank on October 7, 1911, and did not know and was not informed that appellant made any claim to them; that appellant after the failure of the bank tendered the receipts for the notes and demanded the notes of the officials of the bank, who refused to return them to him.

The conclusions of law were in favor of appellee, that appellant take nothing by his complaint. The judgment followed the conclusions of law. The errors assigned and relied on for reversal are that the court erred in its conclusions of law and in overruling appellant's motion for a new trial.

The questions presented require consideration of §10 of an act approved March 8, 1907, Acts 1907 p. 174, being §3411 Burns 1914, which is as follows:

1. "Should any bank organized under the provisions of this act, or any owner or owners thereof, hold

any property in trust for another, the fact of such trust, the general nature and character thereof, the acceptance of the same and the amount so held shall be set forth in an instrument to be executed by the trustee and acknowledged by him before a notary public. Within fifteen days after the execution of such an instrument it shall be recorded in the office of the county recorder of the county in which such bank is situated. Within thirty days thereafter the original instrument, together with the certificate of the county recorder, showing that it has been duly recorded, shall be filed with the auditor of state with a record fee of one dollar for the state. Should such instrument not be so recorded and filed and such bank should be wound up, either voluntarily or involuntarily, then the property so held in trust shall be considered a part of the assets of such bank, provided the remaining assets are not sufficient to pay in full the *bona fide* claims of all depositors. Until such claims are paid in full all persons shall be estopped from asserting, as against such depositors, any right, title, or interest in and to the property so held in trust.    *    *    * ''

Appellant contends that the statute, *supra,* is not applicable to the case at bar; that the notes purchased by him were not held in trust by the bank. The statute does not define the meaning of the phrase, "property in trust for another," but, considering the evident purpose of the legislature in enacting the law, as gathered from all its provisions, we think it was intended to apply to notes and mortgages—property held by a bank, as in this instance. The notes so held gave to the bank the appearance of possessing assets it did not in fact have. The statute only operates in favor of 2. depositors when the bank is being wound up and the assets are insufficient to pay them in full. In fact the statute is drawn on the theory that the prop-

erty thereby made available to depositors under the conditions named may be owned by some one, other than the bank, who for failure to comply with the statute is estopped to assert his ownership as against depositors. If the other assets were sufficient to pay the depositors in full, the statute would have no application to the case and would not inure to the benefit of the bank against a bona fide owner of such property. While we base our conclusion mainly on the apparent intention of the legislature in enacting the statute, we are aided in arriving at such conclusion by the broad and comprehensive meaning ascribed to the word 3. "trust." In its simplest elements, a trust is a confidence reposed in one person by another with respect to property held by the former for the benefit of the latter. 39 Cyc 18. As tending to support our conclusion that the facts of this case bring it within the purview of the statute, we cite the following: 5 Cyc 518; 3 Am. and Eng. Ency. Law 824; Story, Bailments §41; *Mutual Accident Assn.* v. *Jacobs* (1892), 141 Ill. 261, 31 N. E. 414, 16 L. R. A. 516, 33 Am. St. 302; *Hunt* v. *Townsend* (1894), (Tex. Civ. App.) 26 S. W. 310; *Peak* v. *Ellicott* (1883), 30 Kan. 156, 1 Pac. 499, 46 Am. Rep. 90; *Hale* v. *Rawallie* (1871), 8 Kan. 136.

Appellee contends that the bank did not receive payment for the notes and that the purchase of the notes was a transaction between appellant and the 4. cashier personally. The transactions all took place in the bank with the cashier while he was engaged in discharging the duties of his official position. The receipt of the consideration for the notes by the cashier at the bank during banking hours was a payment of such consideration by appellant to the bank. *Allison* v. *Hubbell* (1861), 17 Ind. 559; *East River Nat.*

*Bank* v. *Gove* (1874), 57 N. Y. 597; *Ellicott* v. *Barnes* (1884), 31 Kan. 170, 1 Pac. 767.

While there is a finding that the bank did not receive the money, it is also found that appellant paid the cashier for the notes. The finding is to be read and considered in its entirety and, when so considered, it shows that the cashier received the money at the bank during regular banking hours and that it was entered on the books of the bank, which is sufficient for the purpose of this case, since there is no dispute about the fact that appellant left the notes at the bank after he purchased them and that they were among the apparent assets of the bank when it was placed in liquidation, and no claim that the provisions of the statute, *supra,* were complied with. Neither is it important that appellant may have intended to evade taxation on the notes, nor that the cashier squandered the funds of the bank in speculating or gambling transactions.

The notes were held in trust by the bank for the owner. The funds were needed to pay the depositors and were taken for that purpose in the process of liquidation. The suit was not begun until July, 1912, and the auditor took charge of the bank on November 3, 1911. This is a suit for conversion. Under the statute aforesaid the notes were rightly taken to pay the depositors, because the assets of the bank were insufficient to pay them in full, even after including in the assets the proceeds of the notes in controversy. There can be no conversion where property is rightfully taken in pursuance of law. *Bixel* v. *Bixel* (1886), 107 Ind. 534, 8 N. E. 614; *Clegg* v. *Baumberger* (1887), 110 Ind. 536, 9 N. E. 700.

The ultimate result reached by the trial court was right. Where this is the case erroneous reasons given

for such conclusion or intervening errors that
7. deprived the complaining party of no substan-
tial right afford no ground for reversal of the
judgment. *Lake Shore, etc., R. Co.* v. *Myers* (1912),
52 Ind. App. 59, 74, 98 N. E. 654, 100 N. E. 313;
*Olds* v. *Lochner* (1914), 57 Ind. App. 269, 106 N. E.
889; §§407, 700 Burns 1914, §§398, 658 R. S. 1881.

In reaching this conclusion we are not called upon
to determine, and do not decide, what, if any, right of
action appellant may have against the bank in some
appropriate suit. Judgment affirmed.

NOTE.—Reported in 113 N. E. 440. Care required of banks as
agents or bailees, 38 Am. St. 773. See under (1, 2), 5 Cyc 571;
(3) 39 Cyc 17; (5) 38 Cyc 2085.