## ROBINSON *et al. v.* GAAR.

The fact that the title of land is in dispute between the claimants and the United States, and that the claimants under a Mexican grant are not in possession, affords no ground for exempting the land from taxation.

The claimants are either the owners or they are not; if they are, they must pay the taxes on the land; if they are not, they have nothing to do with the matter, and cannot enjoin the collection of taxes, having no authority to sue or defend for the United States.

If a tax is illegally imposed, the parties taxed have a perfect remedy at law, and a Court of Equity has no power to interpose.

APPEAL from the District Court of the Tenth Judicial District, County of Sutter.

This is an appeal from an order of the Court below, dissolving an injunction, which had been granted on plaintiffs' application, to enjoin the defendant, as sheriff, from collecting taxes on lands of plaintiffs. The grounds taken were that the land was in litigation between plaintiffs and the United States, and that plaintiffs were not in possession; and also that the assessment was made by the Court of Sessions, who had no jurisdiction for such purposes.

*Wm. S. Long* for Appellants.

1. The lands against which the taxes are sought to be enforced are not subject to taxation.

"All lands in this State shall be deemed and regarded as public

lands until the legal title is shown to have passed from the government." First section of Act for protection of settlers, etc.

"In all cases where lands are claimed under, or by virtue of a patent from the United States, or from this State, the right of the party claiming under patent to the land shall be deemed to begin at the date of the patent, and he shall not be entitled to recover for the use or enjoyment of such land prior to the date of such patent." § 3, Act for protection, etc.

"Nothing but a patent will pass a title to government lands." 13 Peters, 516.

"Congress alone is vested by the Constitution with power of disposing of public lands." 13 Peters, 516.

"This State shall never interfere with the primary disposal of public lands; shall pass no law or do no act whereby the title of the United States, and right to dispose of the same, shall be impaired or questioned, and they shall never lay any tax, or assessment of any description whatsoever upon the public domain of the United States." 6 vol. U. S. Statutes at Large, 452, § 3.

"All lands and lots of ground, with their buildings, improvements and structures thereon, belonging to the State, or to any county of this State; all unoccupied lands, buildings and other improvements, occupied, owned, or belonging to the United States," are exempt from taxation. Cal. Statutes, 1854, 89, § 3.

2. The taxes sought to be collected are illegal, because the assessment was made without authority of law. The levy of taxes by the Court of Sessions of Sutter county is void for want of jurisdiction of the subject matter.

"Courts of Sessions have no jurisdiction save in criminal cases." Burgoyne *v.* Supervisors San Fran., 5 Cal.

3. Injunction is the proper proceeding for relief in this case.

"An injunction is a proper proceeding to stay a sale of land upon legal process, where no title could pass, but complainant's title might be clouded." Newton *v.* Beaver, 5 Ohio Cond. R., 11.

"The Court has jurisdiction, by injunction, to restrain public officers from proceeding illegally and improperly under a claim of right." 6 Paige Ch., 83; 2 Johns. Ch., 463; 6 Johns. Ch., 497.

"The Court has undoubted jurisdiction to interfere, by injunction, where officers are proceeding illegally and improperly under claim of right to do an act to the injury of the rights of others." Harrington Ch. R., 72.

4. An injunction will issue when it is shown an injury would be produced to the plaintiff. 5 How. Pr. R., 293; 6 How. Pr. R., 456.

5. Equity can interfere to stay a sale.

"If Courts of Chancery could set aside a deed as an improper cloud on the title, they can interfere to prevent the sale. 5 Paige Ch., 510; 3 Howard, 441; 2 Cal., 289.

6. It was error in the Court below in dissolving the injunction with-

out notice to plaintiffs. The plaintiffs were entitled to be heard in support of the case made by the bill.

"The defendant, at any time before the trial, may apply, upon reasonable notice, to the judge who granted the injunction, or to the Court in which the action is brought to dissolve or modify the same." § 118 Practice Act.

No brief on file for Respondents.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

This appeal is taken from an order dissolving an injunction. The plaintiffs filed their bill in the Court below to enjoin the sheriff from collecting State and county taxes assessed upon certain land owned or claimed by them. The facts alleged in the bill were; first, that said lands were claimed by them as purchasers from Sutter, the original grantee of the Mexican government; that they were not in the possession of them ; that the title was in litigation between the Government of the United States and the plaintiffs ; and, second, that the assessment was made by order of the Court of Sessions, which has no jurisdiction except in criminal cases.

Upon the first point, it is clear that if the title to the land is in the plaintiffs, then they are liable for the taxes; if not, they have nothing to do with the matter, and certainly no authority to sue or defend on behalf of the United States. They cannot affirm and deny at the same time; it is either their land or it is not. If the grant under which they claim is either legal or equitable, it is fully protected by the treaty, and a confirmation would relate back to the date of its execution. Should the plaintiffs' position be maintained, and their grant be confirmed, they would escape, during the pendency of this litigation, one of the burthens. which society has imposed upon property.

This pretence might, with some plausibility, be set up in every case where the title of property was in litigation in our own Courts between private individuals. The plaintiffs, I apprehend, are the best judges of their own title, and must determine, at their own risk, whether it is worth paying taxes on or not. They cannot assert their ownership of the lands and deny the legal consequences of such right.

To the second assignment of error there are two answers : first, the bill seeks to enjoin the collection of both State and county taxes. State taxes are fixed by law, and not assessed by the Court of Sessions, so that they, at least, are not obnoxious to the objection of a want of jurisdiction in the Court of Sessions; second, although the Court of Sessions had no authority to direct the assessment, still this is not a case for the interference of a Court of Chancery.

If the tax has been illegally imposed, or a valid objection appears on the face of the proceedings, the plaintiffs have a perfect remedy at law, and a Court of Equity has no power to interfere, DeWitt v. Hays, 2 Cal., 469, and the cases there cited.

It is said that the injunction was dissolved without notice. This does not appear from the record, but if it did it would make no difference, as it ought never to have been granted.

Judgment affirmed.