Silver *v.* Parr.

No. 13,292.

SILVER *v.* PARR.

INSTRUCTIONS TO JURY.—*Refusal to Give.*—*Presumption.*—Where the evidence is not in the record, it will be presumed that instructions which the trial court refused to give, on request, were refused because not applicable to the case made by the evidence.

SAME.—*Must be Signed by Judge.*—*Practice.*—Under the sixth clause of section 533, R. S. 1881, neither instructions requested by a party and refused by the court, nor those given by the court of its own motion, can be made a part of the record unless signed by the trial judge.

From the Hamilton Circuit Court.

*J. Stafford* and *T. E. Boyd,* for appellant.

*T. J. Kane* and *T. P. Davis,* for appellee.

HOWK, J.—This was a suit by appellant, Silver, against appellee, Parr, as defendant in a complaint of three paragraphs. The object of the suit was to recover damages which plaintiff claimed he had sustained by reason of the careless and negligent treatment he had received from defendant, who had undertaken, as a practising surgeon, to set the broken bones of plaintiff's leg, and to attend to and cure and heal the same for a fee and reward, etc.

Defendant answered by a general denial of plaintiff's complaint. The issues joined were tried by a jury, and a verdict was returned for the defendant, and, over plaintiff's motion for a new trial, the court adjudged that the defendant recover of the plaintiff his costs herein, taxed at, etc.

From this judgment plaintiff has appealed, and has here assigned as error the overruling of his motion for a new trial.

The evidence is not in the record. The only grounds upon which plaintiff's counsel rely for the reversal of the judgment below are (1) that the court erred in giving the jury certain instructions of its own motion, and (2) error of the

court in refusing to give the jury certain other instructions at the plaintiff's request.

So far as the instructions asked for by plaintiff and refused by the court are concerned, it is settled by our decisions that where, as in this case, the evidence is not in the record, it will be presumed here, in support of the ruling of the court below, that such instructions were properly refused, because they were not applicable to the case made by the evidence. *Freeze* v. *DePuy*, 57 Ind. 188; *Powers* v. *State*, 87 Ind. 144; *Louisville, etc., R. W. Co.* v. *Harrigan*, 94 Ind. 245; *Baltimore, etc., R. R. Co.* v. *Rowan*, 104 Ind. 88.

The point is made by defendant's counsel, and seems to be well made, that none of the instructions, either those given by the court of its own motion or those requested by plaintiff and refused by the court, are properly in the record now before us, because, counsel say, none of such instructions were signed by the judge of the trial court.

In the *sixth* clause of section 533, R. S. 1881, it is provided, among other things, as follows, to wit: "All instructions given by the court must be signed by the judge, and filed, together with those asked for by the parties, as a part of the record." This language of the statute is mandatory, and has been so construed by this court. *Childress* v. *Callender*, 108 Ind. 394.

It has been held, also, that when it appears, as in the case we are now considering, that the instructions are not signed by the judge of the trial court, they do not become a part of the record. *Chicago, etc., R. R. Co.* v. *Hedges*, 105 Ind. 398. We must hold, therefore, in the cause now before us that the questions relied upon by plaintiff's counsel for the reversal of the judgment below are not properly presented by the record for our consideration and decision.

We have found no error in the record which requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed May 12, 1888.