Jones v. Foley.

Filed Dec. 12, 1889.

———◆———

No. 13,961.

JONES v. FOLEY.

TAXES.—*Lien for.—Suit to Quiet Title.—Foreclosure of Lien.—Complaint.* — In a suit to quiet title, under the provisions of our statute, and by virtue of the continued practice under it, where the title fails, a lien may be established and foreclosed for taxes paid, together with the statutory penalty and interest, although the complaint does not show that the plaintiff claims through a tax sale.

SAME.—*Levied by Municipality.—Lien of.—Purchaser at Tax Sale.*—Taxes levied by municipal corporations are levied by virtue of an attribute of State sovereignty delegated to them, and taxes so levied must be taken notice of by a property-owner. They constitute liens on his property to the same extent as other taxes, and must be refunded by the property-owner to a purchaser at a tax sale who pays them.

BILL OF EXCEPTIONS.—*Presentation of Legal Questions.— What Record must Contain.*—Where purely legal questions are presented on instructions on the facts, or on rulings in admitting or excluding evidence, it is sufficient in such a case to bring into the record, by a bill of exceptions, the rulings, motions, or other proceedings, on which the rulings were founded, and so much of the evidence as is necessary to fully show the nature and effect of the rulings, accompanied by the judge's statement that there were facts, or that there was evidence tending to establish facts, making the rulings relevant and material.

From the Decatur Circuit Court.

Jones *v.* Foley.

*J. S. Scobey,* for appellant.
*C. Ewing* and *J. K. Ewing,* for appellee.

ELLIOTT, J.—The complaint of the appellee is in the ordinary form employed in actions for the possession of real estate, and it does not state that the title claimed is founded on a tax deed. The trial court adjudged that the appellee did not have title, but decreed that he did have a lien for taxes paid by him, together with the statutory penalty and interest.

The appellant's counsel argue that the appellee was not entitled to have a lien declared, as his complaint does not show that he claims through a tax sale, and that, having failed to make out a case for possession, he can not recover upon the cause of action stated in his complaint. There is plausibility in the argument, but we think that under the peculiar provisions of our statute, and by virtue of the continued practice under it, the ruling must be that the court may establish and foreclose a lien where the title fails, although the complaint is nothing more than a general one to quiet title, or to recover possession of land. It is probably true that section 3 of the act of March 6, 1883, is ineffective for the reason that the section it professes to amend had been already amended by the act, which took effect without the approval of the Governor, on the 5th of March, 1883. Elliott's Sup., sections 2143, 2149.

But we need not decide this question, for we think that under the act of 1881, and prior acts, the practice has become established and ought not to be departed from, so that it is not material what statute is now deemed to be in force. The legislative intention to permit the foreclosure of liens for taxes in actions to quiet title, or to recover possession, is quite clearly manifested in all the statutes, and it is our duty to give effect to that intention.

We do not agree with appellee's counsel that it was essential to bring all the evidence into the record in order to pre-

sent the question as to the right of the court to include in the judgment taxes levied by the city of Greensburg, and paid by the appellee after he bought at the sale made for unpaid taxes.    Where purely legal questions are presented on instructions, on the facts, or on rulings in admitting or excluding evidence, it is not necessary to incorporate in the bill of exceptions all the evidence given in the case.    It is sufficient in such a case to bring into the record, by a bill of exceptions, the rulings, the motions or other proceedings on which the rulings were founded, and so much of the evidence as is necessary to fully show the nature and effect of the rulings, accompanied by a statement of the judge showing that there were facts, or that there was evidence tending to establish facts, making the rulings relevant and material. It is understood, of course, that the pleadings proper, with the usual general motions, are always a part of the record without a bill of exceptions, although special motions are not, and where legal questions arise such pleadings must always be properly before the court, but it is not necessary that matters should be carried into the record which are not necessary to clearly and fully exhibit the nature of the legal questions of which a decision is sought.    It is seldom necessary to bring all the evidence into the record; the only cases which now occur to us in which this can be necessary are those wherein the question is whether there is any evidence tending to sustain the finding or verdict.    In other cases the record can be so made up as to present the questions of law much better without the evidence than with it, and in most cases it uselessly cumbers the record, darkening and confusing the case, rather than making it clearer and less obscure.

In *Mercer* v. *Corbin*, 117 Ind. 450, we said: "We should be glad to encourage a practice that will abbreviate the records, and we think that in many cases, where questions arise on instructions, or on rulings in admitting or excluding evidence, statements may be embodied in the bill of ex-

-ceptions which will obviate the necessity of bringing all the evidence into the record." The purpose of rule XXX is to induce parties to abandon the practice of bringing into the record a great mass of matter which is seldom anything more than mere rubbish.

Where, however, the appellant assumes to bring all the evidence into the record by a bill of exceptions, and elects to present his appeal in that mode, he must pursue the course pointed out by the decisions governing such cases, but that course is not the only one he is bound to pursue, nor, indeed, is it the best one. *McCoy* v. *State, ex rel., ante,* p. 160.

We have no doubt that the trial court did right in including the city taxes paid by the appellee in the judgment. A land-owner knows, as matter of law, of which no citizen can be ignorant, that his property is subject to pay its proportion of all taxes, municipal, as well as State and county, and knowing this he must know—for this too is matter of well-known law—that if he suffers his land to be sold, the purchaser at the tax sale will acquire a right to pay all taxes and thus protect his rights under his purchase. *Sloan* v. *Sewell,* 81 Ind. 180 (182); *Jenkins* v. *Rice,* 84 Ind. 342; *Lawson* v. *Hilgenberg,* 77 Ind. 221; *Woodside* v. *Wilson,* 32 Pa. St. 52; *Robinson* v. *Gaar,* 6 Cal. 273. Municipal corporations are governmental instrumentalities, and taxes levied by them are levied by virtue of an attribute of State sovereignty delegated to them, and taxes so levied must be taken notice of by a property-owner. They constitute liens upon his property to the same extent as other taxes and must be refunded by the property-owner to a purchaser at a tax sale who pays them. *Justice* v. *City of Logansport,* 101 Ind. 326; *Millikan* v. *Ham,* 104 Ind. 498 (502); *Watkins* v. *Winings,* 102 Ind. 330; *Montgomery* v. *Aydelotte,* 95 Ind. 144.

Judgment affirmed.

Filed Nov. 25, 1889.