## THOMPSON *v.* MILLER ET AL.

[No. 22,622.   Filed December 15, 1914.]

1. APPEAL.—*Record.*—*Instructions.*—*Bill of Exceptions.*—The objection that the instructions are not properly in the record, for the reason that those given and those refused were not signed by the trial judge, and that the record does not disclose the order in which those given were read to the jury, can not prevail where the instructions were properly brought into the record by bill of exceptions.   p. 546.

2. APPEAL.—*Review.*—*Evidence Not in Record.*—*Presumptions.*— *Instructions.*—In the absence of the evidence from the record it will be presumed that the cause was tried on its merits and properly decided under the issues, and that the instructions given were applicable to the evidence; hence in such case instructions will not be deemed erroneous if they correctly state the law under any supposable state of facts provable under the issues.   p. 546.

3. WILLS.—*Contest.*—*Undue Execution.*—*Evidence.*—Under a general allegation of the undue execution of a will, every species of duress, fraud, undue influence, or whatever else tends to point out undue execution, may be shown.   p. 547.

4. WILLS.—*Contest.*—*Undue Execution.*—*Instructions.*—Where the material allegation of plaintiff's complaint was that the will was unduly executed, and not that it was unduly influenced, or not signed in the proper manner, an instruction placing upon plaintiff the burden "to prove the truth of all the material allegations of the complaint before she is entitled to a verdict", was not open to the objection that it required her to prove lack of formal execution as well as all the elements of undue influence. pp. 547, 548.

5. WILLS.—*Contest.*—*Undue Influence.*—*Instructions.*—Under evidence making it applicable, an instruction admonishing the jury not to supplant the judgment of the testator with its own judgment as to the disposition of his property, where he was not unduly influenced, is not erroneous.   p. 548.

6. WILLS.—*Contest.*—*Cautionary Instructions.*—An instruction in a will contest, that "in construing and deciding this case, you should look to the evidence for the facts, and to the instructions of the court for the law, and find your verdict accordingly", and advising the jury that the instructions should be considered as a whole and construed in harmony with each other, was proper.   p. 548.

From Shelby Circuit Court; *Hugh Wickens,* Special Judge.

Action by Elizabeth A. Thompson against Mary Miller and others. From a judgment for defendants. the plaintiff appeals. *Affirmed.*

*D. L. Wilson, W. A. Thompson* and *R. W. Sprague,* for appellant.

*Kendall M. Hord* and *Edmund K. Adams,* for appellees.

SPENCER, J.—This action was to contest the validity and probate of the will of Thomas M. Jeffras on the alleged ground that said will was unduly executed, under charges, as made by the complaint, "that the will was unduly executed, it was obtained by fraud, it was procured by undue influence". The sole question not waived and presented for our consideration arises out of the alleged error in overruling appellant's motion for a new trial. Under this assignment appellant challenges the action of the trial court in giving of its own motion, instructions Nos. 3 and 15 and in giving instructions Nos. 4 and 12 as tendered by appellees.

Appellees contend that none of these instructions are properly in the record for the reason that "all the instructions given to the jury, those requested and given and

1.  those requested and refused, were not signed by the trial judge and the record does not disclose the order in which those given were read to the jury". Were this an effort to have the instructions made a part of the record without a bill of exceptions under §561 Burns 1914, Acts 1907 p. 652, appellees' contention would then prevail but the instructions have been brought into the record by a bill of exceptions, and properly so.

The evidence not being in the record the presumption is, that the cause was tried on its merits and properly decided under the issues; also that the instructions given were

2.  applicable to the evidence, and where the instructions correctly state the law under any supposable state

of facts provable under the issues, they will not be held erroneous. *Adams* v. *Vanderbeck* (1897), 148 Ind. 92, 94, 62 Am. St. 497; *Ferris* v. *State* (1901), 156 Ind. 224, 230, and cases cited.

From a consideration of the entire record it is apparent that the undue execution relied on by appellant is the alleged undue influence of appellee Mary Miller over the testator. This fact is evident from a reading of instruction No. 10 tendered by appellant and given by the court. It reads as follows: "If you shall believe from the evidence that said Thomas M. Jeffras, at the time of the execution of said will in controversy, was weak and enfeebled in mind by reason of age, or from sickness or from any other cause, and if said Mary F. Miller took advantage of such weakness, and by any artifice, cunning or any undue influence she may have possessed, or by any improper practices, induced said Thomas M. Jeffras to make said will such as that in the free use and exercise of his deliberate judgment he would not have made, then said will was produced by fraud and is invalid and your verdict should be in favor of the plaintiff." Under a general allegation of undue execution of a will, every species of duress, fraud, undue influence or whatever else tends to point out undue execution may be shown. *Clear Spring Tp.* v. *Blough* (1909), 173 Ind. 15, 24, and cases cited.

Instruction No. 3, complained of, told the jury that "Upon the issues joined upon the complaint and the answers in denial thereof, the burden is upon the plaintiff to prove the truth of all the material allegations of the complaint before she is entitled to a verdict in her favor in this action." Appellant objects to this instruction on the ground that it required her to prove lack of formal execution as well as the element of undue influence before a recovery could be had. We can not so hold. Under the rule as expressed in the Blough case, *supra,* and under the theory on which this case appears to have been tried, appel-

lant was permitted to show undue execution in any manner that she might, the material allegation in that connection being not that the will was unduly influenced or not signed in the proper manner but that it was *unduly executed*.

Instruction No. 4 as given by the court at the request of appellees was an admonition to the jury not to supplant the judgment of the testator with its own judgment as to the disposition of his property, where he was not unduly influenced. In the absence of the evidence the presumption is that the instruction was applicable thereto and we can not see that it contains error. Instruction No. 12, also tendered by appellees, is as follows: "It is alleged in the complaint in this cause that the will in question was unduly executed. I instruct you that the term 'undue execution', as alleged in the complaint, includes undue influence, fraud, duress and all other matters which go to show undue execution." What has been said heretofore as to instruction No. 3 answers the objection urged against this instruction and it conforms to and is consistent with the authorities there cited.

The last contention made by appellant is that instruction No. 15 given by the court of its own motion is erroneous. It reads as follows: "In construing and deciding this case, you should look to the evidence for the facts and to the instructions of the court for the law and find your verdict accordingly. The court has not attempted to embody all the law in the case in any one instruction, therefore in construing any single instruction, you must consider it in connection with all the other instructions given you and construe them in harmony with each other." How this instruction harmed appellant is not pointed out and we are constrained to say that it was proper.

No error appearing in the record, the judgment should be and is hereby affirmed

Myers, J., not present.

NOTE.—Reported in 107 N. E. 74. On the burden of proof as to undue influence in execution of will, see 17 L. R. A. 494; 36 L. R. A. 724, 733. See, also, under (1) 3 Cyc. 28; (2) 3 Cyc. 303; (3) 40 Cyc. 1155; (4) 40 Cyc. 1339; (5) 40 Cyc. 1337; (6) 38 Cyc. 1759.