## AMEN *v.* STANDARD STEEL CAR COMPANY.

[No. 9,735.   Filed April 16, 1919.   Rehearing denied June 25, 1919.   Transfer denied January 14, 1920.]

1. APPEAL.—*Review.*—*Instructions.*—*Evidence.*—Where the evidence is not in the record, judgment will not be reversed because of an alleged erroneous instruction, if such instruction was proper under any state of facts provable under the issues.   p. 183.

2. MASTER AND SERVANT.—*Injuries to Servant.*—*Dangerous Machinery.*—*Operation.*—*Instruction.*—*Contributory Negligence.*—In a servant's action against the master for personal injuries sustained while operating an alleged insufficiently guarded buzz planer, an instruction that, if the machine was equipped with an adjustable guard and it was plaintiff's duty to adjust such guard so as to leave exposed only such portion of the knives as was necessary to cut the material being planed, in determining whether plaintiff was negligent in that regard the jury could take into consideration the way in which the machine was usually or ordinarily operated, the guard furnished, and any other pertinent facts, including the manner in which the machine was being operated at the time of the accident, correctly stated the law, and was properly given so far as could be determined in the absence of the evidence from the record.   p. 183.

3. MASTER AND SERVANT.—*Injuries to Servant.*—*Dangerous Machinery.*—*Operation.*—*Instruction.*—In a servant's action against the master for personal injuries, an instruction as to plaintiff's duty to adjust a guard attached to a planer which he was operating *held* not objectionable as informing the jury that he was required to adjust any guard, proper or improper.   p. 184.

4. MASTER AND SERVANT.—*Injuries to Servant.*—*Dangerous Machinery.* — *Inadequate Guard.* — *Operation.* — *Contributory Negligence.*—A servant injured while operating a buzz planer was not contributorily negligent in failing to adjust the guard attached to the planer, where the injury was not due thereto, but was caused by the master's failure to furnish a proper guard.   p. 184.

5. MASTER AND SERVANT.—*Injuries to Servant.*—*Dangerous Machinery.*—*Duty to Furnish Proper Guard.*—*Instruction.*—In a servant's action against the master for injuries sustained while operating a buzz planer, the question whether the master had furnished a proper guard being involved, an instruction that the employer was only required to furnish a guard that would have protected the operator of the planer when used in an ordinarily

careful and prudent manner could not be held to be erroneous, in the absence of the evidence from the record, when applied to the facts which might have been proved within the issues.   p. 185.

6.   MASTER AND SERVANT.—*Injuries to Servant.—Guarding Dangerous Machinery.—Master's Duty.—Instruction.*—In a servant's action against the master for personal injury, an instruction that defendant was only required to furnish such guard on a buzz planer as would protect the operator against dangers and injuries which could have been anticipated when the guard was adjusted with reasonable care by the operator, was proper.   p. 185.

7.   MASTER AND SERVANT.—*Injuries to Servant.—Dangerous Machinery.—Operation.—Instruction.*—In an action by the operator of a buzz planer for personal injuries, an instruction that the employer was not liable if the guard which it furnished for the planer was sufficient to prevent injury when the machine was used in the usual and ordinary manner, could not be held to be erroneous in the absence of the evidence from the record, where the instruction was applicable to facts which might have been proved within the issues.   186.

8.   TRIAL.—*Instructions.—Ignoring Issues.*—In a servant's action against the master for personal injuries sustained while operating a buzz planer claimed to have been equipped with an inadequate guard, an instruction on contributory negligence *held* not to be erroneous because omitting element of knowledge of danger on the part of the operator.   p. 186.

9.   APPEAL.—*Review.—Harmless Error.—Instruction.*—In a servant's action against the master for personal injuries, where there was uncontradicted evidence that the employe's method of doing his work exposed him to dangers so obvious and imminent that no reasonable man exercising ordinary care for his own safety would have encountered them, an instruction that plaintiff was negligent if he voluntarily and without objection adopted a dangerous method when he might easily have adopted one which was safe, without stating that the standard of conduct was that of a reasonably prudent person under the circumstances, was harmless.   p. 187.

10.   APPEAL.—*Review.—Instruction.—Invited Error.*—Appellant cannot complain of alleged error embraced in an instruction where he invites the error by tendering an instruction upon the same theory.   p. 188.

11.   APPEAL.—*Review.—Harmless Error.—Instruction.*—In a servant's action against the master for personal injuries, an instruction stating that the jury should determine the credibility of an employe by the same tests that determine the credibility of other witnesses, was not reversible error, where there was nothing in

the instruction indicating that any part of it has special application to plaintiff's witnesses. p. 188.

12. APPEAL.—*Review.*—*Instructions.*—*Evidence.*—*Presumption.*—In the absence of the evidence from the record, it will be presumed that refused instructions were not applicable to the evidence, so that such refusal was proper. p. 189.

From Porter Circuit Court; *Harry L. Crumpacker,* Judge.

Action by Charles E. Amen against the Standard Steel Car Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Bomberger, Curtis, Starr & Peters,* for appellant.
*Peter Crumpacker, Fred C. Crumpacker, Crumpacker Bros.,* and *Edwin H. Friedrich,* for appellee.

NICHOLS, J.—Action by the appellant against the appellee for damages sustained in the loss of a part of his hand, occurring while he was working a buzz planer in the appellee's factory.

The complaint was in one paragraph, to which the appellee filed an answer in general denial. There was a trial and a verdict for the appellee. Appellant filed a motion for a new trial, which was overruled, and judgment was rendered on the verdict in favor of the appellee. From the ruling and judgment this appeal is prosecuted.

The only error assigned is the error of the court in overruling appellant's motion for a new trial. Under this motion the appellant complains that instructions Nos. 3, 6½, 7, 8, 9, 10 and 16 given by the court are erroneous, and that the court erred in refusing to give instructions Nos. 1, 2 and 3 tendered by appellant.

The complaint is in substance as follows: The appellee was, at the time of the accident, a corporation

engaged in the manufacture of railroad cars in the city of Hammond, Lake county, Indiana. In its work it used a machine known as a buzz planer, which consisted of a table, in the top or flat surface of which were rapidly revolving steel knives located in an opening extending across said table and of a width of about two and a half inches. On July 18, 1910, the appellant was employed to operate said buzz planer and his duties were to use his hands to push the boards across the table, and over and in contact with the said revolving knives which planed the boards. Appellee at said time negligently and carelessly equipped, and caused appellant to use, said buzz planer without providing a sufficient guard to prevent appellant's person from coming in contact with the revolving knives; appellee negligently maintained and operated said buzz planer without a sufficient guard thereon, the guard covering less than ten inches of the exposed knives and leaving twelve inches open and unguarded, and said knives so unguarded constituted a dangerous machine. In the operation of the planer the operator, especially his hands, were immediately above and over, and liable to come in contact with, the exposed parts of the knives and be injured thereby. It was practicable and feasible to place a sufficient guard to cover the knives entirely, except the part immediately under the board being planed. On said day the knives were so exposed, and were liable to injure the appellant. At said time appellant was in the discharge of his duties and in the course of his employment, and was holding a board with the edge on the knives; his hands were necessarily near the knives, that he might hold and push the board and plane the same. While so en-

gaged, said board suddenly, and without any fault or negligence on appellant's part, tipped and turned, and thereby threw appellant's right hand into the knives, which were exposed and unguarded, and thereby appellant's hand was injured. He has suffered great pain and anguish; his hand has been permanently disfigured, and his earning power impaired and reduced; he is unable to follow his occupation as a woodworker, and he has no other trade or occupation. There follows an allegation as to his earning capacity, a statement of the length of time that he remained in the hospital, and a prayer for damages in the sum of $10,000.

The evidence is not in the record, and in such a case the judgment will not be reversed because of an alleged erroneous instruction, where such an

1. instruction would be proper under any state of facts provable under the issues. *Olds* v. *Lochner* (1914), 57 Ind. App. 269, 106 N. E. 889; *Thompson* v. *Miller* (1914), 182 Ind. 545, 107 N. E. 74.

Appellant complains of instruction No. 3, given by the court. The force of this instruction depends upon the interpretation given to the evidence in the

2. case by the jury. It tells the jury that, if it should find from the evidence that the guard or fence on such machine could be adjusted by the operator thereof and that it was part of the plaintiff's duty to adjust the same so as to leave no more than a certain portion of said knives exposed, or such portion as was necessary to cut the material being used, in determining the plaintiff's conduct in this regard the jury had a right to take into consideration the way in which the machine was usually or ordinarily operated, the device furnished, and any other facts

or circumstances bearing upon that branch of the case, including the manner in which the machine was being operated at the time.

We see nothing wrong with this instruction. The machine, being a planer, was evidently used upon lumber of various widths and thicknesses, and as the width or thickness of the material varied, the guard must have been adjusted to such changes. In determining the conduct of the appellant in the performance of this duty, or any other duty on the part of the appellant with reference to the operation of the machine, it was proper to consider all surrounding circumstances and conditions. If in any particular it was harmful to the appellant, it must have been because of the evidence which is not in the record. On the face of the instruction it was entirely proper under the rule enunciated in *Pinnell* v. *Cutsinger* (1909), 44 Ind. App. 419, 89 N. E. 493.

Instruction No. 6½ is not open to the objection made to it by the appellant. It correctly instructs the jury with reference to the duty of the appellant to adjust the guard to the varying widths of the lumber being planed, and does not require of the plaintiff that he shall adjust *any guard,* proper or improper. After fully instructing the jury as to the duty of the plaintiff in making such adjustment of the guard, the instruction clearly distinguishes the character of the guard, about which such instruction was given, from an improper guard by the following language: "On the other hand, if the guard furnished by the defendant was not a proper guard, and said guard could not have been adjusted by a reasonably prudent man exercising ordinary care and working under such

conditions such as plaintiff worked, so as to have prevented the injury which plaintiff suffered, and the injury was caused not by reason of plaintiff's failure to adjust said guard or move it from place to place upon the table of the planer, but by reason solely of defendant's failure to furnish a proper guard thereon, he would not be guilty of contributory negligence by reason of his failure to adjust the same by moving it back and forth upon the table." As far as can be determined without the evidence, the instruction seems to be a clear exposition of the law. Instruction No. 6 tells the jury as to the duty of the appellee to furnish a proper guard, and to the effect that the appellant did not assume the risk of using an improper guard.

Instruction No. 7 is not erroneous when applied to facts that might have been proved within the issues in this case. If the guard provided was such as

5.  could have been safely used, with a proper adjustment, to the varying widths of the lumber planed, then it was reasonably adapted to cover the exposed portions of the knives, and such use of it, adjusting it as conditions required, would have protected appellant and would only have been in "an ordinary prudent and careful manner." Such evidence would have been admissible as within the issues. *Grace* v. *Globe Stove, etc., Co.* (1907), 40 Ind. App. 326, 82 N. E. 99; *Vigo Cooperage Co.* v. *Kennedy* (1908), 42 Ind. App. 433, 440, 85 N. E. 986.

Instruction No. 8 tells the jury that the appellee was not bound to guard against dangers and injuries that could not have been reasonably antici-

6.  pated, but was only bound to furnish a guard sufficient in its character to prevent plaintiff

from sustaining any injury that might have been reasonably anticipated, when the guard was adjusted with reasonable care by the operator. This is a correct statement of the law.

Appellant complains of instruction No. 9 because it states in effect that the appellee was not liable if the guard was sufficient to prevent injury when the machine was used in the usual and ordinary manner. This statement of the instruction is within the issues in this case. It appears from the complaint that the machine in question was being used in the usual and ordinary manner at the time of the accident, but that a board which was being planed tipped and turned, causing the injury. It may have appeared by the evidence that this was because a proper guard furnished by the appellee was not properly adjusted, as it might have been, by the appellant. The appellant in his discussion of this instruction says that it directed the jury to find for the defendant if the guard was sufficient to guard against injury when the machine was used in the ordinary and usual manner, whereas the accident was proved to be one as alleged in the complaint of an unusual character. We are unable to say what was proved in this case, because of the absence of evidence. We can only measure the instruction by what might have been proved under the issues in the case, and by this measurement the instruction is not wanting.

Instruction No. 10 is complained of by appellant as being erroneous because it omitted the element of knowledge of danger on the part of the servant, and for the further reason that it omitted to advise the jury that the standard of conduct was that of a reasonably prudent person under the

circumstances, the court saying that if appellant voluntarily and without objection adopted a dangerous method when he might easily have adopted one which was safe, his failure to adopt one which was safe was contributory negligence.    The first objection is not well taken, as the element of knowledge clearly appears in the instruction.    As to the second objection we can readily imagine a state of facts provable under the issues that would have made the instruction erroneous as given, because of the omission therefrom of the element of reasonable care; but it might have been proved within the issues in this case that the method adopted by appellant in performing his work exposed him to dangers so obvious, imminent and glaring that no reasonable man exercising ordinary care for his own safety would have encountered them; to illustrate, it might have been proved under the issues by uncontradicted evidence that the machine was easily susceptible of adjustment, by the move of a hand, so as to have made it entirely safe and that, without such adjustment, it was absolutely dangerous, and that, while so operating it while it was so susceptible as aforesaid, appellant was emphatically warned, by his superior, not to so operate it without the proper adjustment, but that he then and there disobeyed and wilfully disobeyed and wilfully continued to operate it without the proper adjustment and was thereby injured.    With such evidence in the record uncontradicted, showing absolutely no exercise of reasonable care, the instruction would have been entirely harmless.    *Jenney Electric Mfg. Co.* v. *Flannery* (1913), 53 Ind. App. 397, 98 N. E. 424; *New York, etc., R. Co.* v. *Hamlin* (1908), 170 Ind. 20, 83 N. E. 343, 15 Ann.

Cas. 988; *Grace* v. *Globe Stove, etc., Co., supra.* Appellant cites as additional authorities *Kokomo Steel, etc., Co.* v. *Carson* (1918), 69 Ind. App. 523, 119 N. E. 224; *Inland Steel Co.* v. *King* (1916), 184 Ind. 294, 110 N. E. 62; *Erie R. Co.* v. *Purucker* (1917), 224 U. S. 320, 37 Sup. Ct. 629, 61 L. Ed. 1166, but in each of these cases, the evidence or answers to interrogatories appeared in the record, and the facts could be definitely ascertained.

The appellant himself tendered his instruction No. 5, a part of which is as follows: "If there are two ways, one safe and the other dangerous, one known to the servant to be dangerous and the other known to him to be safe, both open to him for doing his work and equally convenient, he must choose the safe way." By tendering this instruction, the appellant invited the error, if any, of which he complains in instruction No. 10, and, such being the case, he cannot be heard to complain. *Terre Haute, etc., Traction Co.* v. *Frischman* (1914), 57 Ind. App. 452, 107 N. E. 296; *Indiana Union Traction Co.* v. *Jacobs* (1906), 167 Ind. 85, 78 N. E. 325; *Cleveland, etc., R. Co.* v. *Simpson* (1915), 182 Ind. 693, 104 N. E. 301, 108 N. E. 9.

Instruction No. 16 goes to the question of the credibility of the witnesses, and which, after instructing the jury fully as to the things that may be taken into consideration in determining the credibility, states that the jury should "determine the credibility of an employe by the same tests that determine the credibility of other witnesses." Clearly, this statement in the instruction refers to the standards of credibility that preceded in the instruction and which are of general application. There is

nothing in the instruction that indicates that any part of it has special application to any of appellant's witnesses who may have testified in the case and without such application it is not reversible error. *Hess* v. *Lowry* (1890), 122 Ind. 225, 234, 23 N. E. 156, 7 L. R. A. 90, 17 Am. St. 355.

Appellant tendered three instructions which were refused by the court. In the absence of the evidence it will be presumed that such instructions were not applicable thereto, hence were properly refused. *Mace* v. *Clark* (1908), 42 Ind. App. 506, 85 N. E. 1049.

We find no available error. Judgment affirmed.