· WALTZ ET AL. *v.* NOBLE ET AL.

[No. 9,797.   Filed May 6, 1919.   Rehearing denied October 31, 1919.   Transfer denied ·October 5, 1920.]

1.   APPEAL.—*Review.—Presumptions.—Instructions.*—In the absence of the evidence from the record it will be presumed that the cause was tried on its merits and properly decided under the issues, and that the instructions given were applicable to the evidence.   p. 610.

2.   APPEAL.—*Record.—Absence of Evidence.— Instructions.—* In the absence of the evidence from the record instructions will not be held erroneous on appeal if they correctly state the law under any supposable state of facts provable under the issues. p. 610.

3.   NEW .TRIAL.—*Grounds.—Misconduct of Jury.—Affidavits.—+ Sufficiency.*—A motion for new trial on the ground of alleged misconduct of the jury was properly overruled, where the supporting affidavit, which was made on information and belief, failed to state the source of affiant's information, or the time such information was received.   p. 610.

4.   TRIAL.—*Impeaching Verdict.—Misconduct of Jury.—Affidavit of Juror.—*The affidavit of a juror as to alleged misconduct of the jury cannot be received to impeach its verdict.   p. 611.

From Hamilton Circuit Court; *Willett H. Parr,* Special Judge.

Action by Peter D. Waltz and others against George Noble and others, in which the defendants filed a cross-complaint.   From a judgment for defendants, the plaintiffs appeal.   *Affirmed.*

*Burke G. Slaymaker, Christian & Christian* and *Ralph H. Waltz,* for appellants.

*Joseph A. Roberts,* for appellees.

McMAHAN, J.—The appellants filed their complaint to quiet their title to one-half of the real estate in controversy and for partition. The appellees filed a cross-complaint claiming to own the whole of the real estate and asking that their title be quieted against appellants. The issues being closed, the cause was tried by a jury, and resulted in a verdict and judgment in favor of appellees, quieting their title to the whole of the real estate.

Appellants filed a motion for a new trial, which was overruled, and the errors assigned in this court and not waived are that the court erred (1) in overruling the motion for a new trial, and (2) in sustaining appellees' motion to strike from appellants' motion for a new trial the affidavit of Russ Eador.

The appellants in their complaint do not allege the source of their title, but the appellees in their cross-complaint allege that William Waltz and Sarah Waltz, his wife, owned the real estate as tenants by entireties, that William Waltz died, leaving his wife surviving him; that Sarah Waltz has since died; and that the real estate descended to her only daughter, who has since died, leaving the appellees as her only heirs.

Appellants contend that the court erred in giving instruction No. 3 tendered by appellees, which reads as follows: "If you find from the evidence that Sarah Waltz outlived her husband, William Waltz, although for only a moment of time, then their deaths would not be simultaneous, and your verdict should be for the defendants."

It appears from the instructions given and from those tendered that the ownership of the real estate in question depended upon whether Sarah Waltz survived her husband or whether their deaths were simultaneous.

The evidence not being in the record, the presumption

is that the cause was tried on its merits and properly decided under the issues, and that the instructions were applicable to the evidence. Where the instructions correctly state the law under any supposable state of facts provable under the issues, they will not be held erroneous. *Thompson* v. *Miller* (1914), 182 Ind. 545, 107 N. E. 74; *Abney* v. *Indiana, etc., Traction Co.* (1908), 41 Ind. App. 53, 83 N. E. 387.

The evidence in this case may have shown that Mrs. Waltz survived her husband for days or weeks. Such a fact might have been proved under the issues but, as this court said in the recent case of *Amen* v. *Standard Steel Car Co.* (1920), 72 Ind. App. 179, 123 N. E. 7: "We are unable to say what was proved in this case, because of the absence of evidence. We can only measure the instruction by what might have been proved under the issues in the case, and by this measurement the instruction is not wanting."

Appellants next allege that the motion for a new trial should have been sustained because of alleged misconduct of the jury. The alleged misconduct is that the jury took the written instructions of the court to the jury room when they retired to deliberate, and that they "read and re-read said instructions and unduly emphasized certain instructions setting out appellees' view of the law as stated in instruction No. 3, hereinbefore set out. This specification was supported by the affidavit of one of appellants' counsel and was made on information and belief.

As said by the Supreme Court in *Pittsburgh, etc., R. Co.* v. *Collins* (1907), 168 Ind. 467, 80 N. E. 415: "This charge was supported by the affidavit of appellant's counsel, but the source and time of receiving such information was not stated. The sworn statement of a person, other than a juror, that the jury were guilty of misconduct in the jury room, without stating the source

of his knowledge, is no better than an unverified complaint. In the absence of a showing to the contrary, the presumption is that the affiant received his knowledge from some member of the jury. The verdict of a jury cannot be impeached directly upon the affidavit of one of its members, nor may it be indirectly impeached upon information communicated by jurors and supported by the affidavit of another. *Hutchins* v. *State* (1898), 151 Ind. 667, 676; *Stanley* v. *Sutherland* (1876), 54 Ind. 339, 356; *Treschman* v. *Treschman* (1902), 28 Ind. App. 206. It follows that the court would not have been justified in granting a new trial upon this showing of alleged misconduct on the part of the jury."

There was no error in overruling the motion for a new trial.

The affidavit of Russ Eador, who was one of the jurors that tried the case, was also filed in support of the alleged misconduct of the jury, but on motion

4. of the appellees it was stricken out. The appellants excepted to this ruling of the court and insist that it constitutes reversible error. It is a well-settled rule of law that the affidavit of a juror cannot be received to impeach the verdict of the jury. *Stanley* v. *Sutherland, supra; Hutchins* v. *State, supra.* There was no error in striking out the affidavit of the juror.

No reversible error appears in the record. Judgment affirmed.