SHRINER ET AL. *v.* UNION FEDERAL SAVING AND LOAN ASSOCIATION, A CORPORATION.

[No. 18,651. Filed March 18, 1955. Rehearing denied May 9, 1955. Petition to transfer denied May 1, 1956.]

L. *Russell Newgent*, of Indianapolis and *Ira L. Haymaker*, of Franklin, for appellants.

*Rocap, Rocap, Reese & Robb* and *James E. Rocap, Sr.* (of counsel), of Indianapolis, for appellee.

## On Petition To Transfer

PER CURIAM. This action is before us on petition to transfer from the Appellate Court under §4-215, Burns' 1946 Replacement; Acts of 1933, ch. 151, §1, p. 800, and was argued before this court by counsel for both appellants and appellee.

After due consideration Emmert and Landis, JJ., reached the conclusion that the Appellate Court had correctly decided the issues presented and that the transfer should be denied. Achor and Arterburn, JJ., are of the opinion that the petition to transfer should be granted. Bobbitt, C. J., did not participate for reasons which are sufficient and need not be here stated.

Therefore, a majority of those judges participating not being in favor of the petition to transfer, it is denied.

Transfer denied.

## SEPARATE OPINION

LANDIS, J.—Appellant on this appeal complains of error in the court's refusal to give an instruction tendered by appellant as to the burden of proof of contributory negligence. Appellant has not furnished this court with a transcript of any of the evidence in this cause, and appellee contends any error as to the refusal to give this instruction is, therefore, not properly before the court on appeal.

Appellant, however, asserts this tendered instruction is properly before the court on appeal as both appellee and the trial court tendered instructions upon the subject of contributory negligence, which instructions were given without objection.

It is the unquestioned general rule that this court will not consider on appeal alleged error in relation to the refusal to give instructions, when the evidence showing the applicability of such instructions to the case is not before this court. *Wright, Admr., etc.* v. *City of Crawfordsville* (1895), 142 Ind. 636, 638, 42 N. E. 227; *Jenkins* v. *Wilson* (1895), 140 Ind. 544, 40 N. E. 39; *Silver* v. *Parr* (1888), 115 Ind. 113, 17 N. E. 114; *The Baltimore and Ohio and Chicago Railroad Company* v. *Rowan* (1885), 104 Ind. 88, 3 N. E. 627; *Stout* v. *Turner et al.* (1885), 102 Ind. 418, 26 N. E. 85. In the case before us no showing was made by appellant, in the absence of the evidence, that the action of the lower court was necessarily erroneous and probably harmful under any possible state of the evidence. *Indianapolis Traction, etc., Co.* v. *Ripley* (1911), 175 Ind. 103, 93 N. E. 546; Citing: *Butt* v. *Iffert* (1909), 171 Ind. 554, 86 N. E. 961; *Mankin* v. *Pennsylvania Co.* (1903), 160 Ind. 447, 67 N. E. 229.

I do not believe we should engraft an exception to the general rule above stated simply because the court

has given other instructions upon the same general subject matter. If a waiver or an estoppel may be said to operate in favor of an appellant under such circumstances, we may soon be reversing cases for alleged error in regard to instructions when an examination of the evidence below would reveal the action of the lower court complained of, was right and proper. This court should not indulge in a presumption, in the absence of the evidence, that such a state of facts existed as would authorize the giving of a refused instruction and warrant a reversal.

It is not necessary, of course, for appellant, in order to present to this court a question as to the propriety of giving or refusing instructions by the court below, to incorporate into the bill of exceptions all the evidence in the cause, but this court has held that only so much as relates to the subject matter of the instructions need be included in the bill. See: Lowe's Revision of Works' Indiana Practice, Vol. 4, §62.9; *Jones* v. *Foley* (1889), 121 Ind. 180, 182, 22 N. E. 987. This is no great hardship or expense to an appellant, but it enables a court of review to consider intelligently the alleged error of which appellant complains.

In view of the failure of appellant to bring any of the evidence before us in this cause, it is my opinion that under the settled decisions of this court from which we should not depart without reason, no question as to the instructions is presented for decision.

I think the transfer should, therefore, be denied.

Emmert, J., concurs.

Bobbitt, C. J., not participating.

### SEPARATE OPINION

ARTERBURN, J.—The appellants, plaintiffs below, claim error by reason of the trial court's refusal to give a

tendered instruction on the burden of proof on the issue of contributory negligence. The Appellate Court's opinion affirms the trial court's action. The appellee contends that no consideration may be given on appeal to the propriety of an instruction tendered and refused unless a bill of exceptions containing all the evidence is made a part of the record and brought before this court, so that it may determine whether or not such instruction so tendered is applicable to the evidence. The appellants, on the other hand, contend that it is not necessary to bring the evidence into the record where all the instructions are in the record and it shows that no such instruction was given as to the *burden of proof* in the case of contributory negligence, although the court did instruct on the subject matter of contributory negligence.

The record shows that the court on its own motion did give an instruction on contributory negligence, and also gave one on the same subject matter tendered by the appellee. The record further shows that no instruction whatever was given by the court on the burden of proof of contributory negligence although such an instruction was tendered by the appellants. The tendered instruction was proper in form. *New Castle Bridge Co.* v. *Doty* (1907), 168 Ind. 259, 79 N. E. 485; *Murray* v. *Cottrell* (1923), 80 Ind. App. 521, 141 N. E. 524; Acts 1943, ch. 227, §1, p. 662, being §2-305 Burns' 1946 Replacement.

There are statements by this court to the effect that in the absence of the evidence in the record, we will not consider the question of whether or not an instruction is applicable to the evidence. Those statements were made in cases where the court had no other method or means of determining the applicability of the instructions except from the evidence in the record. *Thompson*

v. *Miller* (1914), 182 Ind. 545, 107 N. E. 74; *Waltz* v. *Noble* (1920), 73 Ind. App. 608, 123 N. E. 218; *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629; *Butt* v. *Iffert* (1909), 171 Ind. 554, 86 N. E. 961.

The appellee after tendering and getting the benefit of an instruction on the issue of contributory negligence on the theory, necessarily, that it was applicable to the evidence, objects to the appellants' tendered instruction as to the burden of proof upon the same issue. Appellee's position is anomalous. It seems to us that the appellee is estopped to deny there was no evidence on the issue of contributory negligence when it tendered an instruction which was accepted and given by the court on that subject matter. It is not necessary to review the evidence to determine the propriety of the appellants' tendered instruction under the circumstances. It is our opinion that the general rule frequently stated, that in the absence of the evidence this court will not on appeal, determine the applicability of an instruction, is stated too broadly. When the reason for a rule ceases to exist in its specific application, the rule should no longer be applicable or it should be made subject to proper exceptions. A rule is sometimes stated too broadly or absolutely without an exception which afterwards makes its appearance in more specific application and ramifications that were not originally foreseen. We should not be so rigid in our thinking that a rule once stated in the absolute form will not yield to exceptions.

In this case the appellants were not given the benefit of an instruction to a jury to which they were entitled, namely, one stating that they did not have the burden of proving freedom from contributory negligence. Without an instruction as to the burden of proof, the appellants can complain that the jury may have thought that the burden of proof was upon the appellants to prove

freedom from contributory negligence. With a jury making such an erroneous assumption without a proper instruction it could have found against the appellants. The verdict in this case was against the appellants. It is evident that the appellants were not treated as they were entitled to be treated in connection with the instructions to the jury. The record shows that these instructions were twice read to the jury. There was nothing improper in this. However, it is true that where the court has committed error in the instructions, a re-reading of the instructions emphasizes the error.

We have all the record we need for a review of the court's instructions in this case on appeal. It seems to me to be a futile and useless requirement, as well as an expensive one, to compel a party to prepare and bring up on appeal a bill of exceptions containing all the evidence in such a case as this. We should not permit ourselves to be so hamstrung by procedural requirements that we cannot look at an error pointed out as that shown by the record as it stands in this case. I think the trial court committed manifest error, and the petition for transfer herein should have been granted.

Achor, J., concurs.

Bobbitt, C. J., not participating.

NOTE.—Reported in 133 N. E. 2d 861.