**UNITED FARM BUREAU MUTUAL INSURANCE COMPANY and Robert H. Kurtz, Appellants–Plaintiffs,**

v.

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Gary Gibler and Velene Gibler, Appellees–Defendants.**

No. 02A04–9607–CV–267.

Court of Appeals of Indiana.

April 22, 1997.

David K. Hawk, Jeffrey P. Smith, Fort Wayne, for Appellants-Plaintiffs.

John D. Walda, Cathleen M. Shrader, Barrett & McNagny, Fort Wayne, for Appellees-Defendants.

**OPINION**

CHEZEM, Judge.

*Case Summary*

Appellant-Plaintiff, United Farm Bureau Mutual Insurance Company ("Farm Bureau"), appeals an order denying its motion for summary judgment and granting sum-

---

mary judgment for Appellee–Defendant, Nationwide Mutual Fire Insurance Company ("Nationwide") on Farm Bureau's declaratory judgment action. We reverse and remand.

## Issue

■ Farm Bureau raises one issue which we restate as: whether the *pro rata* "other insurance" clause in Farm Bureau's policy conflicted with the excess "other insurance" clause in Nationwide's policy.

## Facts and Procedural History

Gary and Velene Gibler (collectively, "Giblers") were injured when their automobile collided with two horses standing on a state highway. The horses were owned by Robert Kurtz ("Kurtz") and were being boarded on the property of Kurtz's parents. The Giblers filed a complaint against the property owners, which was later amended to include Kurtz.

Kurtz's parents were insured by Farm Bureau and Kurtz was named as an additional insured on the policy. Kurtz was also covered by a homeowners policy issued by Nationwide. Both policies provided coverage for personal liability and both contained "other insurance" clauses. The Farm Bureau clause read:

> If an insured has other insurance for a loss covered by this policy we pay under this policy only a share of the loss. The share is computed by adding up the limits of this policy and all other valid and collectible insurance and finding the percentage of the total limits this policy represents.

(R. 34).[1] The Nationwide clause provided that "[t]his insurance is excess over other valid and collectible insurance. This does not apply to insurance written as excess over the limits of liability that apply in this policy." (R. 63).[2] Farm Bureau's policy limit for liability was $500,000.00 and Nationwide's was $300,000.00.

Nationwide denied coverage and Farm Bureau brought a declaratory judgment action claiming that the Nationwide policy covered the Giblers' claim and that Nationwide's liability was on a *pro rata* basis with Farm Bureau. The case was ordered to mediation, but Nationwide did not authorize its counsel to contribute to any settlement. Without Nationwide, Farm Bureau and the Giblers agreed upon a settlement of $437,000.00 which Farm Bureau paid in whole. Cross motions for summary judgment were filed. The trial court denied Farm Bureau's motion, granted Nationwide's, and entered an order, as follows, in part:

### Conclusions of Law

6. The "other insurance" clauses in [Farm Bureau's] and Nationwide's policies at issue herein do not conflict.

7. When confronted with Nationwide's denial of coverage and refusal to participate in mediation, [Farm Bureau] rationally chose to settle the Gibler's claims for an amount $63,000 less than its $500,000 policy limits.

8. In doing so, however, [Farm Bureau] failed to establish the condition precedent for son Kurtz concerning the Giblers' claims, because Nationwide's coverage could only obtain (if not otherwise excluded) as excess coverage, once [Farm Bureau's] policy limits of $500,000 were exhausted.

9. As [Farm Bureau] did not exhaust its policy limits, the Nationwide homeowners coverage for son Kurtz could not be called into play for possible coverage and *pro rata* contribution.

(R. 228–29). Farm Bureau now appeals.

### Discussion and Decision

Upon review of the grant or denial of a summary judgment motion, we apply the same legal standard as the trial court: summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment

---

1. As a comparison, the Farm Bureau policy coverage for medical payments was excess over other insurance.

2. As a comparison, the Nationwide policy coverage for property damage was *pro rata* with other insurance.

as a matter of law. Ind.Trial Rule 56(C); *North Snow Bay, Inc. v. Hamilton,* 657 N.E.2d 420, 422 (Ind.Ct.App.1995). On review, we may not search the entire record to support the judgment, but may only consider that evidence which had been specifically designated to the trial court. *Id.* The party appealing the trial court's grant or denial of summary judgment has the burden of persuading this court that the trial court's decision was erroneous. *Id.* The provisions of an insurance contract are subject to the same rules of construction as are other contracts, and construction of a written contract is a question of law for which summary judgment is particularly appropriate. *Selleck v. Westfield Ins. Co.,* 617 N.E.2d 968, 970 (Ind.Ct. App.1993), *trans. denied.*

Farm Bureau argues that the trial court erroneously concluded that the two "other insurance" clauses were not in conflict, that the clauses are mutually repugnant as a matter of law and must be ignored. Our supreme court has addressed the situation where "more than one policy covers the same insured and each has an 'other insurance' clause restricting its liability because of existing separate coverage." *Indiana Ins. Co. v. American Underwriters, Inc.,* 261 Ind. 401, 405, 304 N.E.2d 783, 786 (1973). There are three basic types of "other insurance" clauses:

> (1) A pro rata clause restricting liability upon concurring insurers to an apportionment basis. (2) An excess clause restricting liability upon an insurer to excess coverage after another insurer has paid up to its policy limits. (3) An escape clause avoiding all liability in event of other insurance.

*Id.*

The Court in *Indiana Ins. Co.* addressed a claim within the coverage of two insurance policies, one containing an escape clause and the other containing an excess clause. The Court stated that if both clauses were given effect, though both policies appeared to provide coverage when read separately, the insured would be denied coverage. This "circular riddle" was resolved by "holding both

clauses to be conflicting and mutually repugnant" with the result that "each insurer is liable for a prorated amount of the resultant damage not to exceed his policy limits." *Id.* at 407, 304 N.E.2d at 787. In so doing, the Court adopted the position of a minority of courts on this question, the so-called *Lamb–Weston* rule.[3] *Lamb–Weston, Inc. v. Oregon Automobile Ins. Co.,* 219 Or. 110, 341 P.2d 110 (1959). In that case, the Oregon Supreme Court addressed a similar claim, involving one policy with an excess clause and another with a *pro rata* clause. Our supreme court quoted the holding of *Lamb–Weston* that "whether one policy uses one clause or another, when any come in conflict with the 'other insurance' clause of another insurer, *regardless of the nature of the clause,* they are in fact repugnant and each should be rejected in toto." *Indiana Ins. Co.,* 261 Ind. at 408, 304 N.E.2d at 788 (emphasis added). Indiana, therefore, has adopted a mandatory *pro rata* rule where "other insurance" clauses conflict.

■ Nationwide argues that it is unnecessary to apply *Indiana Ins. Co.* to this case because the two "other insurance" clauses do not in fact conflict. It contends that regardless which policy is read first, Farm Bureau's policy is primary and the Nationwide's coverage only becomes effective after Farm Bureau's limits are exhausted. Nationwide also contends that this court cannot rewrite its policy to change its excess clause into a *pro rata* clause. The *Lamb–Weston* court anticipated this precise argument:

> It may be contended with some slight basis in reason, since [one insurer's] clause provides for prorating in proportion to the amount of valid insurance then in effect, its liability should be limited in that proportion. Thus, it would pay its prorata share upon that basis as "other valid and collectible insurance" and [the other insurer] would pay the balance under its excess clause. In this manner some effect is given to the "other insurance" clause of each policy.

and adopting the majority approach in reconciling a *pro rata* clause and an excess clause).

---

3. *Contra Jones v. Medox, Inc.,* 430 A.2d 488 (D.C. 1981) (analyzing the majority and minority rules

Such a contention leads, however, to a return to the circular reasoning necessary to establish primary and secondary liability, for to sustain this contention such proration can only be given effect by determining the company carrying such "other insurance" clause is a primary insurer with limited liability.

*Lamb–Weston*, 341 P.2d at 119. We believe that our supreme court's intent was to establish a rule that all "other insurance" clauses "regardless of the nature of the clause . . . are in fact repugnant . . ." unless not actually in conflict. *Indiana Ins. Co.* at 408, 304 N.E.2d at 788; *cf. American Economy Ins. Co. v. Motorists Mut. Ins. Co.*, 593 N.E.2d 1242 (Ind.Ct.App.1992) (holding that escape and excess "other insurance" provisions were not conflicting where one policy clearly stated it was primary coverage), *modified*, 605 N.E.2d 162 (Ind.1992); Ind.Code § 27–8–9–7 (requiring that the automobile owner's policy be considered primary when both the driver and the owner of the vehicle have policies providing coverage).

We conclude that *Indiana Ins. Co.* controls this case. We hold that there being no basis for concluding that either policy was intended to be primary coverage, the two "other insurance" clauses are in conflict and are to be disregarded. We reverse the order of the trial court and remand for further proceedings consistent with this opinion.

We reverse and remand.

DARDEN, J., concurs.

BAKER, J., dissents with separate opinion.

BAKER, Judge, dissenting.

Because I disagree with the majority's determination that our supreme court's decision in *Indiana Ins. Co. v. American Underwriters, Inc.*, 261 Ind. 401, 304 N.E.2d 783 (1973) compels reversal of the trial court's decision, I respectfully dissent.

In *Indiana Ins. Co.*, our supreme court considered the conflict between two insurance policies, both of which contained limitations on their application when the insured has "other insurance." Specifically, one policy contained an escape clause, which provided that it would not apply if the insured was covered by another policy, while the other policy contained an excess coverage clause, which provided that it was excess insurance over any other valid and collectible insurance. The court determined that these policy provisions were conflicting and, therefore, should be disregarded in favor of a pro rata division of liability. *Id.* 304 N.E.2d at 787. As the majority notes, the court then concluded that whenever two applicable policies contain "other insurance" clauses, they are automatically in conflict and should be rejected. The majority decision follows this ruling and holds that the Farm Bureau and Nationwide policy provisions here are in conflict and disregards them in favor of a pro rata apportionment of liability. I disagree.

The *Indiana Ins. Co.* rule is based upon the assumption that "other insurance" clauses automatically conflict. I do not believe that this blanket assumption is correct. Instead, consistent with our standard rules of contract interpretation, the "other insurance" policy provisions should be compared and, if possible, harmonized. *See First Federal Sav. Bank v. Key Markets, Inc.*, 559 N.E.2d 600, 603 (Ind.1990) (court must accept interpretation of contract which harmonizes provisions as opposed to one which causes provisions to be conflicting). Only if the policies are actually in conflict and cannot be harmonized should the *Indiana Ins. Co.* rule apply.

In the instant case, the insurance clauses are not in conflict. Farm Bureau's policy provides that "if an insured has other insurance for a loss covered by this policy we pay under this policy only a share of the loss." R. at 34. The policy then provides that its proportional share is computed by comparing the total insurance available through all of the policies to the coverage limit of its policy. On the other hand, Nationwide's policy provides that its coverage is "excess over other valid and collectible insurance." R. at 63. I believe that the trial court properly harmonized these policies by reading Farm Bureau's pro rata provisions to be applicable only when another insurance policy simultaneously provides coverage. Here, Nationwide's

policy does not provide coverage until Farm Bureau's policy limits are reached. Because Farm Bureau did not have to pay its policy limits, the pro rata provisions in its policy do not apply and it is responsible for paying the claims.

My conclusion that the rule announced in *Indiana Ins. Co.* should only apply when policies are actually in conflict is consistent with the policy considerations which led to that rule. In particular, the court in *Indiana Ins. Co.* was concerned with insureds who had paid policy premiums, yet, due to conflicting policy provisions, were in danger of losing coverage. Additionally, the court sought to avoid policy provisions which allowed an insured double recovery. However, such situations are only likely to arise when two policy provisions conflict. When they do not conflict, the trial court can harmonize them to provide an insured with appropriate coverage. Thus, my conclusion is mandated by the well-settled principle that when the reason for a rule ceases to be applicable, the rule should no longer be applied. *Shriner v. Union Federal Saving & Loan Assn.*, 235 Ind. 380, 385, 133 N.E.2d 861, 863 (1956), (Arterburn, J., writing separately). For these reasons, I would affirm the decision of the trial court.