351 F.2d 685
 UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant,
v.
Nancy WINKLER, a minor by her Mother and Guardian Ad Litem
Violet M. Winkler, Joyce Ann Simpson and Margaret
Louise Patton Lohse, Appellees.
 No. 17956.
 United States Court of Appeals Eighth Circuit.
 Oct. 27, 1965, Rehearing Denied Nov. 15, 1965.
 
 Roy F. Carter, of Sprinkle, Carter, Sprinkle & Larson, Kansas City, Mo., for appellant.
 Lane D. Bauer, of Shook, Hardy, Ottman, Mitchell & Bacon, Kansas City, Mo., David W. Shinn, Robert M. Coleman, Vincent E. Baker and Henry H. Fox, Jr., Kansas City, Mo., for appellees.
 Before VAN OOSTERHOUT and MEHAFFY, Circuit Judges, and MEREDITH, District Judge.
 VAN OOSTERHOUT, Circuit Judge.
 
 
 1
 Plaintiff United States Fidelity and Guaranty Company brought this declaratory judgment action to obtain a determination that no liability exists under the family automobile policy it issued to D. H. Patton with respect to the consequences of an accident which occurred about 10:00 p.m. on October 23, 1959, when the automobile described in the policy was being operated by Margaret Patton, now Margaret Patton Lohse, divorced wife of D. H. Patton. Nancy Winkler and Joyce Ann Simpson, who had obtained state court judgments against Mrs. Lohse for damages based on the negligent operation of the automobile on that occasion, are made defendants as is Mrs. Lohse. All defendants by answer asserted coverage existed on plaintiff's policy and asked that declaration of such coverage be made and that the state court judgments obtained against Mrs. Lohse, which were within policy limits, be enforced against the plaintiff. The defendants by counterclaim sought reformation of the policy to include Mrs. Lohse as a named insured. Jurisdiction, based upon diversity of citizenship and the jurisdictional amount, exists.
 
 
 2
 After trial to the court, memorandum opinion incorporating findings of fact and conclusions of law and a discussion of the applicable law was filed. The court determined liability existed under the policy for the consequences of the October 23, 1959, accident, and entered judgment against the plaintiff declaring policy coverage existed and enforcing the state court judgments obtained by Winkler and Simpson against Mrs. Lohse. This timely appeal followed.
 
 
 3
 Plaintiff insurer concedes that its liability policy issued to D. H. Patton covering the 1955 Buick involved in the accident here pertinent was in full force and effect on the date of the accident. The insurer's basic contention is that Mrs. Lohse is not a named insured and that she has not brought herself within the omnibus clause coverage, in that she was not a spouse or a member of the household of the named insured at the time of the accident, and further that she did not fall within the permission provision of the omnibus clause as Mr. Patton was not the owner of the car at the time of the accident and hence was in no position to give permission for its use.
 
 
 4
 It is stipulated that Mrs. Lohse obtained a divorce from D. H. Patton on the morning of October 23, 1959; that the insured Buick was awarded to Mrs. Lohse as part of an approved property settlement; that shortly after noon on October 23 the title certificate to the car was delivered to Mrs. Lohse and she obtained possession of the car about 4:00 p.m. that afternoon. The accident occurred about 10:00 p.m. the same day. The trial court found that the transfer of the title to the car under Missouri law was completed prior to the accident. While Mrs. Lohse had contended otherwise at the trial, she accepts this finding upon appeal. Thus it is established that at the time of the accident Mrs. Lohse was the sole owner of the car.
 
 
 5
 The policy bears the title 'Family Automobile Policy-- Liability and Physical Damage.' The policy provisions under the heading 'Persons Insured' with respect to liability insurance read:
 
 
 6
 'The following are Insureds under Part I: (a) With respect to the owned automobile, (1) the Named Insured and any resident of the same household, (2) any other person using such automobile, provided the actual use thereof is with the permission of the Named Insured; (b) With respect to a non-owned automobile, (1) The Named Insured, (2) any relative, but only with respect to a private passenger automobile or trailer, provided the actual use thereof is with the permission of the owner; * * *.'Under policy definitions, we find: 'Named Insured' means the individual named in Item I of the declarations and also includes his spouse, if a resident of the same household.
 
 
 7
 The insurer urges that Mrs. Lohse did not meet the policy requirement of being a named insured because only Mr. Patton is specifically named as an insured in the policy. It is undisputed that Mrs. Lohse was not his spouse at the moment of the accident. Mr. and Mrs. Patton were married in 1948; they separated in 1959 and were divorced on October 23, 1959. Upon the basis of such established facts, the insurer argues that at the moment of the accident Mrs. Lohse did not fall within the named insured provision of clauses (a)(1) and (b)(1) or the definition, supra, because she was not a spouse and did not live in the same household.
 
 
 8
 It is not entirely clear from the terms of the policy whether the named insured status is to be determined on the basis of facts existing at the time the insurance originates or whether the status at the time of the accident controls. It is apparent that Mrs. Lohse met the named insured definition at least until the time of the separation. Thus, taking away the coverage from her would be in the nature of a forfeiture. It is of course well-established that forfeitures are strictly construed. The policy is far from clear in containing any express statement that the status of the named insured once acquired is lost by a subsequent event such as separation. However, on the theory advanced by the trial court, which we adopt, it is not necessary to resolve the issue of whether Mrs. Lohse's status as a named insured is determined as of the time of the issuance of the policy or at a subsequent period.
 
 
 9
 The trial court made findings which are supported by substantial evidence to the effect that the insured automobile, the 1955 Buick, was purchased by Mr. and Mrs. Patton in 1955 with joint funds with the intention of the purchasers that it be a jointly owned automobile to be used by both of them, although the title was taken in Mr. Patton alone. It is undisputed that the car was principally used by Mrs. Patton, Mr. Patton having other vehicles, and that Durkee, the insurer's authorized agent, was so fully advised when the insurance was taken out in 1955 and was further advised that both the Pattons wanted liability coverage as long as either one of them was operating the 1955 Buick. The policy renewals were upon the same basis. Mr. Durkee knew that the Pattons believed the policy would cover either of them when driving the Buick and had he thought it necessary, he would have requested an endorsement specifically designating Mrs. Patton as a named insured. It is established that the insurer, if so requested, would have provided such an endorsement without question and without extra premium and that it was the intent of Durkee as the insurer's agent as well as that of the Pattons to cover both Pattons completely so long as either of them operated or possessed the car.
 
 
 10
 Insurer's head underwriter by deposition testified as follows:
 
 
 11
 'Q. What is the normal procedure that your agents in your company follow when a husband and wife have an automobile and they apply for insurance in your company? Is there any standard procedure as to how they are listed under a family automobile policy, whether they list just the husband or husband and wife as its named insureds? A. Normal procedure is to list only the husband.
 
 
 12
 'Q. And why is that? A. The provisions of the policy provide that the named insured also includes the spouse.
 
 
 13
 'Q. So really it's kind of excess baggage to put the wife's name on there as long as she's covered anyway, is that substantially correct? A. Substantially.
 
 
 14
 'Q. Now, if a request is made to specifically list the wife as a named insured on the policy, you do issue policies that way, this type of policy, don't you? A. Yes, but only at the request of the agent or the insured.
 
 
 15
 'Q. There's no difference in premium if you put the wife on as a named insured as against leaving her off, is there? A. No, sir.'
 
 
 16
 Miss Bailey, an underwriter for the insurer, testified that when the policy was first written in 1955 the company upon request would have issued the policy with both Pattons listed as named insureds without additional premium, and that then subsequent renewals would have covered both spouses as named insureds and that a subsequent separation would create no change in premium. She further stated that just prior to the 1959 renewal a safe driver plan was instituted and that a 10% Increase in premium might have been required because Mrs. Patton had a minor traffic violation conviction but this would not have stopped the issuance of a renewal policy to both parties, but might possibly have required a billing at a slightly higher premium.
 
 
 17
 The basis of the trial court's decision is thus stated:
 
 
 18
 'As there are no Missouri cases setting forth the law on these facts, the Court is left to its judgment as to what the Missouri Court would hold in this situation. However, the Court does note the propensity of Missouri courts to find coverage under an omnibus clause where that was the intention of the parties, Haynes v. Linder, 323 S.W.2d 505, l.c. 509 (K.C.Mo.App.1959).
 
 
 19
 'In regard to the defendants' contention that title had not passed to Mrs. Patton, this seems to have been refuted by Mr. Patton. In his testimony he stated that he intended to pass the Buick completely to Mrs. Patton on the afternoon of October 23, 1959, and since the title certificate had been properly endorsed and possession transferred to her, this was accomplished.
 
 
 20
 'However, Missouri law regards ownership and insurable interest to be irrelevant when the insurance policy is one for liability as opposed to coverage such as fire or theft protection. As stated in Hall v. Weston, 323 S.W.2d 673, l.c. 679 (Mo.1959), '* * * wherein a policy of automobile liability insurance insures only against liability for damages by reason of bodily injury and property damage arising out of the ownership, maintenance, or use of the automobile, and for medical payments, and, further provides, as does the instant policy, that 'insured' includes the named insured and any person using the automobile with his permission. We hold in the described situation that proof that an automobile was owned by named insured or that he had an insurable interest therein is not necessary. Ownership under those circumstances is irrelevant on the question of liability.'
 
 
 21
 'Further, the Court feels that because the plaintiff's agent Durkee was fully aware of the circumstances surrounding this policy and those insured under it, the plaintiff insured the risk of either Mr. or Mrs. Patton driving the car for so long as either party should be operating it or have it in his possession. And since the plaintiff company admits that it would have issued a binder or endorsement covering Mrs. Patton under this same policy had it only been notified, it is in no way prejudiced by the continued coverage of this same person and the same car where the title has been transferred to her name after the divorce. As stated in Grafton v. McGuire, 362 Mo. 882, 245 S.W.2d 69, l.c. 71 (1952). "A contract or policy of insurance should be given a liberal construction so as to uphold it and accomplish the purpose or object for which it is made, rather than a strict, technical construction which may defeat such purpose or object.' (citations) The insurance company had full knowledge of all the facts having a bearing on the risk insured before the policy was issued and it is now estopped to deny liability."
 
 
 22
 'While these cases differ on their facts, the Court feels that they indicate that the Missouri Court would hold that the risk the plaintiff insured was that of both Mr. and Mrs. Patton driving the Buick, and that a change in the title certificate from Mr. Patton to Mrs. Patton should not excuse the plaintiff from a liability it intended to assume when the policy was issued.'
 
 
 23
 We are satisfied that the trial court reached a permissible conclusion upon the basis of Missouri law in holding that the plaintiff by its policy provisions and actions intended that both Mr. and Mrs. Patton be named insureds. Such conclusion in and of itself requires an affirmance.
 
 
 24
 With respect to defendants' counterclaim for reformation, the court's detailed findings fully support reformation of the policy to include both Pattons as named insureds. The court having found for the defendants on other grounds, found it unnecessary to reform the insurance contract. The court on this issue states: 'The Court sees merit to the defendants' contention that the Pattons would be entitled to reformation to include Mrs. Patton as a named insured, since that is the way the policy should have been written initially to effect the coverage which the Pattons desired and agent Durkee thought he was providing.'
 
 
 25
 Like the trial court, we feel that reformation would be justified but that it is unnecessary to reform the policy to establish Mrs. Lohse's coverage as a named insured. See Western Cas. & Sur. Co. v. Herman, 8 Cir., 318 F.2d 50, 56, 1 A.L.R.3d 1184; 1 A.L.R.3d 885, 890.
 
 
 26
 Moreover, we believe the judgment entered can be supported upon the basis that Mrs. Lohse was driving the insured automobile with the permission of Mr. Patton, the named insured, under the provisions of clause (a)(2), supra. The court made a finding, which has evidentiary support, to the effect that permission to drive the insured automobile was given to Mrs. Patton by Mr. Patton, the named insured. In the Herman case, supra, we had occasion to interpret the permission clause in a comparable situation. There the policy was issued to Margy Herman covering liability with respect to a car the title of which was in Mark Herman, an adult son living with his mother Margy. The accident occurred while the car was driven by the owner Mark with the permission of his mother Margy, the named insured. After holding reformation of the policy would be justified, we discussed the issue here pertinent, stating:
 
 
 27
 'However, as stated, the court did not specifically grant this relief but held that Western was liable under the 'omnibus' clause, which afforded protection to any person using the insured automobile with the permission of the named insured. At first blush it may appear anomalous to suggest that the owner of an automobile not named as an insured in a liability insurance policy may operate the automobile with 'permission' of the named insured within the meaning of the 'omnibus' clause of the policy. There is, however, a sharp conflict of authority on this question. See Appleman, Insurance Law and Practice, Vol. 7, 4358, pp. 266-268 (1962). The Missouri courts have not to our knowledge expressly ruled upon the precise question, but in light of the liberal construction of and the broad coverage granted under the 'omnibus' clause in two cases decided by a Court of Appeals of Missouri, Haynes v. Linder (K.C.C.A.), 323 S.W.2d 505 (1959), and Lajoie v. Central West Casualty Co., 228 Mo. App. 701, 71 S.W.2d 803, 814 (1934), we are not prepared to say that on the peculiar facts of this case the Missouri Supreme Court would hold that the 'omnibus' clause did not provide coverage to the owner-driver of the insured vehicle.' 318 F.2d 50, 56.
 
 
 28
 We also held in the Herman case that under Missouri law it is unnecessary for a named insured to have ownership in an automobile to have a valid automobile liability policy. For a good discussion of this issue, see Ohio Farmers Ins. Co. v. Lantz, 7 Cir., 246 F.2d 182, 186. Counsel has not cited nor have we found Missouri decisions subsequent to our opinion in Herman which in any way impair the basis of our holding in Herman.
 
 
 29
 Plaintiff has failed to establish that the trial court misinterpreted or misapplied Missouri law in reaching its decision. The fact findings upon which the decision is based are supported by substantial evidence.
 
 
 30
 The judgment appealed from is affirmed.