UNITED FARM BUREAU MUTUAL INSURANCE COMPANY *v.* LARRY JOE BRANTLEY; MARY E. BRANTLEY; AMEY BRANTLEY, A MINOR, TO WIT AGE 2; RICHARD HARTER; DIANNE HARTER; RICHIE HARTER, A MINOR, TO WIT AGE 3; DAVID MCCORD; PATRICIA MCCORD; CONNIE MCCORD, A MINOR, TO WIT AGE 11; JACKIE MCCORD, A MINOR, TO WIT AGE 8; TERRIE MCCORD, A MINOR, TO WIT AGE 6; TOM MCCORD, A MINOR, TO WIT AGE 4; GARRY BAIM; _____ BAIM, WIFE OF GARRY BAIM, WHOSE TRUE CHRISTIAN NAME IS UNKNOWN; NATIONAL GRANGE MUTUAL INSURANCE COMPANY; JOHN DOE (REAL NAME UNKNOWN)

[No. 3-975A212. Filed April 20, 1978. Rehearing denied June 9, 1978.]

---

*James J. Nagy, Schroer, Eichhorn & Morrow*, of Hammond, for appellant.

*James A. Greco, Benjamin, Greco & Gouveia, James D. McQuillan, Spangler, Jennings, Spangler and Dougherty*, of Gary, for appellees.

HOFFMAN, J. — Plaintiff-appellant United Farm Bureau Mutual Insurance Company (Farm Bureau) brought a declaratory judgment action to obtain a determination of its liability under the terms of an automobile liability policy with respect to a collision which occurred while defendant-appellee Mary Brantley (Mary), divorced spouse of Larry Brantley (Larry), was operating the vehicle in question. The trial court granted summary judgment finding that the insurer was liable to defendants and Farm Bureau brings this appeal.

In May of 1974, the Brantleys contracted with an agent of Farm Bureau for automobile liability coverage. At that time they were residing together as husband and wife and requested of the agent a policy which would cover either of them whenever he or she was driving the 1974 Ford Pinto which they jointly owned. The couple believed that the policy was in both of their names and afforded them both coverage as they had requested. Farm Bureau issued a policy for the term of May 7, 1974 to November 7, 1974, which designated Larry Brantley as named insured. The policy further defined persons insured as follows:

"PERSONS INSURED — Under Part I

The following are insureds under Part I:

(1)  with respect to the owned automobile; (a) the named insured and, if the named insured is an individual or husband and wife, a relative; (b) any other person using such automobile with the permission of the named insured, provided his actual operation or, if he is not operating, his other actual use thereof is within the scope of such permission; and (c) any other person or organization, except the United States of America or any of its agencies, but only with respect to his or its liability

because of acts or omissions of any insured under (1)(a) or (b) above:

\* \* \* \* \*

"DEFINITIONS — Under Part I

As used in Part I:

'named insured' means the person or organization named in Item 1 of the declarations and, if such person is an individual, also includes his spouse if a resident of the same household;"

On August 27, 1974, the Brantleys were divorced and the court awarded the 1974 automobile to Mary E. Brantley as her sole and separate property. Title to the car, which was in the name of Larry and/or Mary Brantley, was never transferred. While operating this vehicle on September 3, 1974, appellee Mary Brantley was involved in a collision with two other vehicles. Each of the other named appellees claim an interest against Farm Bureau by reason of the aforementioned insurance policy for damages arising out of the September 3, 1974 collision. The company brought an action for declaratory judgment asking the court to determine its liability to defend or pay damages under the insurance policy.

Following answers to interrogatories each party filed a motion for summary judgment. A hearing was held on the motions and the trial court granted defendants-appellees' motion, finding that Mary Brantley was included under the policy at the time of the collision as a named insured.

The issue to be decided on appeal is whether the trial court was correct in finding that Mary Brantley was covered under the insurance policy.

Farm Bureau contends that Mary is not a named insured under the policy. Looking at the definitional provisions contained in the policy, specifically under part (1)(a), the company contends that Larry Brantley is the only named insured and that Mary was included at the time the policy was issued solely because of her status as Larry's spouse. The company alleges that upon dissolution of her marriage, Mary's position under the policy changed so as to exclude her from coverage.

This matter was decided on summary judgment and the parties do not raise or argue any issue of material fact in their briefs. The facts disclose that at the time the policy was issued, Farm Bureau had knowledge, through its agent, of the type of coverage which the Brantleys desired. The agent was expressly made aware that Mary was to be covered whenever she was driving the automobile. He also had knowledge of all relevant factors needed to determine the risk which Farm Bureau was insuring when he prepared the Brantleys' application. When an agent has knowledge of the purpose for which an insurance policy is issued this knowledge is attributable to the company. *Prudential Insurance Co. v. Bidwell* (1937), 103 Ind. App. 386, 8 N.E.2d 123; *Ohio Farmers Insurance Company v. Lantz* (7th Cir. 1957), 246 F.2d 182, *cert. den.*, 355 U.S. 883, 78 S.Ct. 151.

The facts also indicate that the Brantleys thought that the policy was issued in such a manner as to accomplish the purpose they had expressed. In construing the intent of an automobile liability policy the court looks to that which the insured, as a reasonable man, believed that the insurer intended by the terms of the contract. *Hoffman v. Illinois Nat. Casualty Co.* (7th Cir. 1947), 159 F.2d 564; 12 Couch on Insurance 2d, § 45 8 at 109 (1964); 16 I.L.E. Insurance, § 101, at 239-240. Because of their expressed intent and because the risk undertaken by the company was not materially altered, it was reasonable for both Brantleys to expect that Mary would maintain her status as named insured subsequent to her divorce.

No change in the risk related factors on which the Brantleys' premium was based occurred merely because they had divorced. It is undisputed that at the time the policy was issued both Brantleys were owners and titleholders of the automobile intended to be insured. The policy provides that:

> " 'owned automobile' means the vehicle(s) described in this policy for which a specific premium charge indicates that coverage is afforded, and includes a temporary substitute automobile and, as respects Parts I and II, a trailer owned by the named insured and, subject to policy Condition 2, a newly acquired automobile;"

Regardless of the subsequent property settlement, the 1974 Pinto, which Mary was driving at the time of the collision, was the owned

automobile described in the policy for coverage. Mary was one of the original titleholders of the automobile listed on the policy. She was using the car for her personal business, which was the purpose of use defined in the policy. The company's liability in this case involves the same risk on which the Brantleys' paid premium was based.

Because Mary Brantley was intended as a named insured, Farm Bureau is not prejudiced by accepting the identical risk which was undertaken when the parties originally contracted for coverage.

The situation presented here is similar to that decided by the 8th Circuit Court of Appeals in *United States Fidelity and Guaranty Company v. Winkler* (1965), 351 F.2d 685, *cert. den.*, 382 U.S. 1026. The *Winkler* court concluded that by such family automobile policy provisions the insurer intends to insure both husband and wife. When the risks involved are not altered the insurer should not be permitted to deny liability to one spouse on the basis of a subsequent change in marital status.

Likewise, Farm Bureau represented to insure the risk of both Larry and Mary Brantley. By representing to provide such coverage the company cannot be permitted to deny liability to either of the named insureds when risk-related factors have remained constant. The trial court, therefore, did not err in granting appellees' motion for summary judgment.

Affirmed.

Staton, J. Concurs

Buchanan, C.J., Participating By Designation, Concurs.

NOTE—Reported at 375 N.E. 2d 235.