**David H. MILLSPAUGH,**
**Appellant–Plaintiff,**

v.

**Donald ROSS, Jr., Donald Ross, Sr., Extradition Services, Inc., and United Farm Bureau Mutual Insurance Co., Appellees–Defendants,**

No. 10A05–9401–CV–25.

Court of Appeals of Indiana,
Fifth District.

Dec. 29, 1994.

Hanger, Engelbretson, Mayer & Vogt, John M. Mayer, Jr., Cara W. Stigger, Clarksville, for appellant.

James E. Bourne, Barbara W. Gernert, Wyatt, Tarrant, Combs & Orbison, New Albany, for appellees.

## OPINION

RUCKER, Judge.

David Millspaugh (Millspaugh) appeals the entry of summary judgment in favor of United Farm Bureau Mutual Insurance Company (Farm Bureau), raising the sole issue of whether the trial court correctly determined that he was not entitled to uninsured motorist coverage.

We affirm.

Farm Bureau issued an automobile insurance policy listing the "named insured" as Marilyn Millspaugh, David Millspaugh's mother. The policy covered a 1978 Datsun and was rated for a driver with a birth date of March 1959. David Millspaugh was identified as the "principal driver" and his birth date is March 23, 1959.

On March 26, 1990, Marilyn Millspaugh rented a Dodge Dynasty automobile from Budget Truck and Car Rental Company so that it could be used by a company known as Extradition Services, Inc. Although the record is unclear, apparently Donald Ross, Sr. and Donald Ross, Jr. are owners of the company. In any event, on March 30, 1990, David Millspaugh and Donald Ross, Jr. were traveling through the state of Wyoming, transporting a third party in an extradition proceeding, when the rented car was involved in a collision. Donald Ross, Jr. was driving and David Millspaugh was a passenger. Initially, Millspaugh sued Donald Ross, Jr., Donald Ross, Sr., and Extradition Services, Inc. for injuries Millspaugh sustained in the collision. They denied liability. Thereafter, contending that he owned an automobile insurance policy with Farm Bureau, Millspaugh amended his complaint to add the insurance company as one of the named defendants. According to Millspaugh, at the time of the collision, Donald Ross, Jr. was an uninsured motorist and thus Millspaugh was entitled to compensation under the policy's uninsured motorist provision. After conducting discovery, Farm Bureau filed a motion for summary judgment which the trial court granted. Millspaugh now appeals.

■■■■ As a preliminary matter Farm Bureau moves for dismissal of Millspaugh's appeal because it is not properly before this court. Farm Bureau correctly points out that the trial court rendered summary judgment on less than all claims and all parties. Specifically, the claims of Donald Ross, Sr., Donald Ross Jr., and Extradition Services, Inc. are still pending and they are not parties to this appeal. Summary judgment on less than all claims and parties is interlocutory unless the court determines there is no just reason for delay and in writing expressly directs entry of judgment as to less than all issues, claims or parties. Ind.Trial Rule 56(C). Here, the trial court entered no such order. Thus, this appeal is from an interlocutory order and not a final judgment. Appeals from interlocutory orders are ordinarily controlled by Ind.Appellate Rule 4(B)(6) which Millspaugh did not follow. However, we may pass upon those adjudicated issues that are severable without prejudice to the parties. *Pekin Ins. Co. v. Charlie Rowe Chevrolet* (1990), Ind.App., 556 N.E.2d 1367, 1369; App.R. 4(E). In this case Millspaugh's claim against Farm Bureau is severable from those against the Rosses and Extradition Services, Inc., and can be resolved without prejudice to those parties. Therefore, we will consider this appeal on the merits.

We review summary judgment to determine whether a genuine issue of material fact exists and whether the trial court correctly applied the law. Summary judgment is appropriate when the designated materials show that the movant is entitled to judgment as a matter of law. *ITT Hartford Ins. Group v. Trowbridge* (1993), Ind.App., 626 N.E.2d 567, *trans. denied.* Summary judgment based upon the construction of an insurance contract is a determination, as a matter of law, that the contract is unambiguous and that it is unnecessary to resort to rules of contract construction in order to ascertain the contract's meaning. *Pennington v. American Family Ins. Group* (1993),

Ind.App., 626 N.E.2d 461, 463–64. Also, the provisions of an insurance contract are subject to the same rules of construction as other contracts, and construction of written contracts is a question of law for which summary judgment is particularly appropriate. *Id.* at 464.

■ Millspaugh argues that he is insured under the terms of the insurance contract and that the trial court erred in ruling otherwise. Specifically, Millspaugh contends (1) he is listed in the policy as the "principal driver;" (2) the policy was rated and insurance premiums were based on his age and driving record; and (3) Farm Bureau, through its insurance agent, was aware that Millspaugh's mother intended that both she and Millspaugh were to be covered by the policy.

The insurance contract provisions at issue here dictate in pertinent part: "[w]e will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured or underinsured motor vehicle." *Record* at 179. An "insured" under the uninsured and underinsured section of the policy is defined as:

1. you,

2. any relative,

3. as to bodily injury only, any other person while occupying an insured automobile, and

4. anyone who is entitled to recover damages because of bodily injury sustained by a person described in 1. through 3. above.

*Record* at 179. Under the "agreements and definitions" section of the policy, "you" and "your" are defined as:

the person or organization shown as the Named Insured in the declarations, and, if such person is an individual, also includes the individual's spouse if a resident of same household

"Relative" is defined as:

your unmarried child by blood, marriage, or adoption who is under age 25 and who lives with you. It includes your unmarried

and unemancipated child under 25 while away at school.

*Record* at 169, 170.

■ Because he was injured while a passenger in a rented car Millspaugh does not challenge his eligibility for coverage under the "Insured Automobile" provision of the policy. Also, both parties agree that Millspaugh was over the age of 25 at the time of the collision and thus he is not a "relative" as the term is defined in the policy. They disagree however on whether Millspaugh is otherwise entitled to uninsured motorist coverage. Millspaugh acknowledges that he is not listed as the "named insured" but contends that because he is listed as the "principal driver" and because that term is not defined in the contract, then an ambiguity exists which precludes the entry of summary judgment.

■ It is true, as Millspaugh points out, that an ambiguous insurance contract must be construed against the insurer. *Taylor v. American Underwriters, Inc.* (1976), 170 Ind. App. 148, 352 N.E.2d 86. Ambiguity in an insurance contract exists when it is susceptible to more than one interpretation and reasonably intelligent people would honestly differ as to its meaning. *Northland Ins. Co. v. Crites* (1981), Ind.App., 419 N.E.2d 164. However, there is no rule of contract construction which requires that every term in an insurance contract must be defined. And the mere fact that a term is not defined does not render the contract ambiguous. *Harden v. Monroe Guaranty Ins. Co.* (1993), Ind. App., 626 N.E.2d 814. Rather, whether a contract is ambiguous is a question of law to determined by the court. *Id.* Ambiguity does not exist simply because a controversy exists between the parties, with each favoring a different interpretation. Courts will give an insurance contract its plain and ordinary meaning when no ambiguity is present in the language of the contract. *Id.*

We do not agree that the contract here is ambiguous. The terms in the policy concerning entitlement to uninsured motorist coverage are clear and unambiguous. The person so entitled must appear as the named insured on the declaration page. That Millspaugh is listed as the principal driver, while

relevant for other purposes, including the amount of premiums to be paid, does not transform him into a person qualified for compensation under the uninsured motorist provision of the policy. An insurance company has the right to limit the coverage of a policy issued by it and when it has done so, the plain language of the limitation must be respected. *See Bush v. Washington Nat. Ins. Co.* (1989), Ind.App., 534 N.E.2d 1139, *trans. denied.* A court cannot and should not do violence to the plain terms of an insurance contract by artificially creating ambiguity where none exists.

In support of his contention that he is entitled to coverage Millspaugh cites *United Farm Bureau Mut. Ins. Co. v. Brantley* (1978), 176 Ind.App. 178, 375 N.E.2d 235. In that case an automobile liability policy was issued to Larry Brantley as the named insured. By the terms of the policy "named insured" also included Larry's spouse, Mary Brantley. While the policy was in force the couple were divorced and the automobile at issue was awarded to Mary. Thereafter, Mary was involved in a collision with two other cars. The injured parties apparently filed suit against Mary and Farm Bureau filed a declaratory judgment action seeking to determine its liability under the policy. According to Farm Bureau it had no liability because Mary was not a named insured under the policy in that she was not Larry's spouse at the time of collision. On review of a motion for summary judgment in Mary's favor, we affirmed because (1) Mary was the title holder of the car at the time the policy was issued, (2) the agent who wrote the policy was expressly made aware at the time that the couple desired coverage for the wife whenever she was driving the car, and (3) the risk to Farm Bureau at the time of the collision was identical to the risk undertaken at the time the parties contracted for coverage. *Id.*

The facts here are clearly distinguishable from the facts in *Brantley*. Nonetheless, Millspaugh contends that because the Farm Bureau agent was aware that both he and his mother were to be covered under the policy, *Brantley* requires reversal. We disagree. In *Brantley*, the husband and wife specifical-

ly "requested of the agent a policy which would cover either of them whenever he or she was driving the [car] which they jointly owned." *Id.* at 236. Further, the couple "believed that the policy was in both of their names and afforded them both coverage as they had requested." *Id.* Here, there is nothing before us demonstrating that at the time the policy was issued that either Millspaugh or his mother believed that the policy was in both their names. It is true that Mary Millspaugh requested that her son be "covered." However, requesting coverage is vastly different than requesting that the policy be placed in the names of both parties. Indeed, if Millspaugh had been injured while driving the 1978 Datsun, then he would have been "covered" under the provisions of the policy that provided coverage for "any other person while occupying an insured automobile." *Record* at 179. Absent a specific request that the policy be placed in both their names, Millspaugh's claim that "[w]hen an agent has knowledge of the purpose for which an insurance policy is issued, this knowledge is attributable to the company," *Brief of Appellant* at 13 citing *Brantley*, 375 N.E.2d at 237, cannot be applied to the facts in this case.

In sum, because Millspaugh was not listed as the named insured on his mother's policy of insurance, and because he did not otherwise qualify, Millspaugh is not entitled to coverage under the uninsured motorist provision of the policy. Although the precise issue presented here has not been addressed by a court of review in this state, those jurisdictions which have addressed the issue have reached the same conclusion that we reach today. *See e.g., Griffin v. State Farm Mutual Automobile Ins. Co.* (1973), 129 Ga. App. 179, 199 S.E.2d 101 (amendment to father's automobile liability insurance policy adding his daughter as a driver of the vehicle described therein did not make her a "named insured" for purposes of uninsured motorist coverage); *Helmkamp v. American Family Mut. Ins. Co.* (1966), Mo.App., 407 S.W.2d 559 (minor son of the man to whom an automobile insurance policy was issued was not a "named insured" by virtue of having been added for an additional premium); *Waller v. Rocky Mountain Fire & Casualty Co.*

(1975), 272 Or. 69, 535 P.2d 530 (son not covered under the uninsured motorist provision of father's insurance policy where father appears as "named insured" and son appears only as an additional driver). For the reasons set forth herein, the trial court did not err in granting summary judgment in Farm Bureau's favor.

Judgment affirmed.

BARTEAU and HOFFMAN, JJ., concur.