**UNITED FARM BUREAU MUTUAL INSURANCE COMPANY,**
Appellant–Defendant,

v.

**Michael LUDWIG, Appellee–Plaintiff,**

**Robin Frakes and Gail Frakes,**
Appellees–Intervenors.

**No. 88A05–0009–CV–375.**

Court of Appeals of Indiana.

March 27, 2001.

David L. Clark, Evansville, Indiana, Attorney for Appellant.

Jerry L. Ulrich, New Albany, Indiana, Attorney for Appellee.

## OPINION

DARDEN, Judge

*STATEMENT OF THE CASE*

United Farm Bureau Mutual Insurance Company ("United") appeals the trial court's grant of summary judgment to Michael Ludwig on Ludwig's petition to have United defend and indemnify him in a civil action arising from Ludwig's operation of a vehicle insured by United.

We reverse.

## *ISSUE*

Whether summary judgment was erroneously granted.

### *FACTS*

In late 1993, Joyce Mayhugh of Evansville acquired a 1989 Ford Escort. Joyce insured the Escort with a policy from United effective December 29, 1993. At that time, her daughter Amy lived in an apartment on the lower level of Joyce's home. In early 1994, Amy began staying during the week in either the home of her boyfriend Ludwig's parents in Pekin, Indiana or a friend who lived in Louisville. She was working in Louisville. She returned to Evansville each weekend. For transportation, Amy drove the Escort. Joyce emphasized to Amy that she was to let no one else drive the car.

Nevertheless, on the night of April 29, 1994, Amy let Ludwig drive the Escort to work. On his way home, early on the morning of April 30, 1994, Ludwig was involved in an accident with Robin Frakes. After Ludwig was sued by the Frakes, he filed the instant action asserting that pursuant to the United policy insuring the Escort, United must defend and indemnify him in the Frakes' civil action.

On August 30, 1999, United filed a motion for summary judgment, asserting that as a matter of law, Ludwig was not entitled to coverage under the policy. On October 15, 1999, Ludwig moved for summary judgment, arguing that because Amy was "the intended named insured" under the policy, and Amy gave Ludwig permission to use the Escort, he "was an insured person under the [United] policy at the time of his accident with Robin Frakes." (R. 197). The trial court denied United's motion and granted summary judgment to Ludwig.

### *DECISION*

Summary judgment is only appropriate if the designated evidentiary matter shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Warner Trucking, Inc. v. Carolina Casualty Ins. Co.*, 686 N.E.2d 102, 104 (Ind.1997) (citing Ind. Trial Rule 56(C)). In reviewing the trial court's entry on a summary judgment, we apply the same standard used in the trial court, *i.e.*, whether there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Shell Oil Co. v. Lovold Co.*, 705 N.E.2d 981, 983–84 (Ind. 1998). An insurance policy is a contract of indemnity whereby one party undertakes an obligation to compensate another against loss arising from certain specified contingencies or perils. *City of Gary v. Allstate Ins. Co.*, 612 N.E.2d 115, 118 (Ind. 1993). It shifts the risk of loss from one party to another. *Id.* The proper interpretation of an insurance policy is "a question of law that is appropriate for summary judgment." *Bosecker v. Westfield Ins. Co.*, 724 N.E.2d 241, 243 (Ind.2000).

■ Here, the contract of insurance was between Joyce and United. The "declarations" page for the policy specified that the "Named Insured" of the policy was Joyce. (R. 42). For liability coverage, the policy specifies that "an insured" is

1. you
2. any relative
3. any other person while using the owned automobile . . ., if its use is within the scope of your permission. . . .

(R. 49). According to the policy definitions, "you" and "your" mean "the person . . . shown as the Named Insured in the declarations, and . . . includes their spouse if a resident of the same household." (R. 46). A relative is defined to include an unmarried child under age 25 "who lives with you." (R. 48). Thus, the policy provided liability coverage to Amy as a relative under 25 who lived with Joyce, the named insured. It could have provided liability coverage for Ludwig, if Joyce had given him permission to use the Escort and he was using it within the scope of that permission. However, the evidence is undisputed that Joyce did not give Ludwig permission to use the Escort. And the contract does not provide liability coverage to a person using the insured automobile with the permission of a relative. Thus, as a matter of law, the policy provides no liability coverage for Ludwig's operation of the Escort.

■ Ludwig's argument on appeal relies first upon two documents submitted to the trial court as designated evidence. They are purported to be transcripts of taped telephone interviews with Joyce and Amy conducted in May of 1994 by someone named Denis McCoy. Ludwig cites the transcripts as the source of assertions by Joyce and Amy to the effect that Amy was "an owner" of the Escort. However, unsworn statements cannot be considered as proper evidence on a summary judgment ruling. *Indiana Univ. Medical Ctr. v. Logan*, 728 N.E.2d 855, 858 (Ind.2000).

■ Ludwig also cites from a purported application for insurance in a supplemental record for his contention that Amy "was the intended insured of the [United] policy." Ludwig's Brief at 8. However, no supplemental record was filed. For the "intended insured" argument, Ludwig also cites *United Farm Bureau Mutual Ins. Co. v. Brantley*, 176 Ind.App. 178, 375 N.E.2d 235 (1978). *Brantley* concerned a policy written to Mr. Brantley as the named insured and specifying that his spouse was also an insured. During the term of the policy, the Brantleys were divorced, Mrs. Brantley was awarded the insured vehicle, and Mrs. Brantley had an accident in the vehicle. We found the policy did provide coverage because the insurance company knew Mrs. Brantley was "intended as a named insured" at the time the policy was issued. 375 N.E.2d at 237. Here, there is no designated evidence showing that United knew that Amy was intended to be a named insured when it issued the policy.[1]

■ Finally, Ludwig claims that the "omnibus clause" provision of Indiana Code § 27–1–13–7 requires that the policy cover his use of the Escort. That statutory clause requires an insurance policy to contain a provision insuring the owner against liability arising from the operation of a vehicle with the permission of the owner. However, we have held that what the omnibus clause requires is that the

---

1. A statement on the declarations page indicates that the policy was "rated" for a driver "with a birth date of 05–70." (R. 42). This would be Amy. According to Ludwig, this constitutes an ambiguity in the policy and requires we construe the policy against United "to effect the intention of the parties." Ludwig's Brief at 11. The parties to the contract were United and Joyce. As we have already concluded, there is no evidence that United intended Amy to be a named insured under the policy. Moreover, the policy stated that "unless otherwise excepted," there were "no drivers under age 25" in the household of the named insured. (R. 46). This provision required that the information reflected on the declarations page be provided, to wit: that there would be a driver with the birth date of 05–70.

policy insure the *owner* against *liability, see Shadow v. Standard Accident Ins. Co.,* 111 Ind.App. 19, 39 N.E.2d 493, 497 (1942), and there was no action before the trial court asserting any liability of Joyce.

We therefore reverse the trial court's grant of summary judgment to Ludwig and hereby order that summary judgment be granted to United. *See Dep't of Ins. v. Zenith Re–Insurance Co.,* 596 N.E.2d 228, 229 (Ind.1992) (where evidence is undisputed, appellate court may determine as a matter of law that summary judgment was rendered for the wrong party).

RILEY, J., and ROBB, J., concur.