David PURYEAR, Appellant–Plaintiff,

v.

**PROGRESSIVE NORTHERN INSURANCE COMPANY,** Appellee–Respondent.

No. 22A01–0211–CV–450.

Court of Appeals of Indiana.

June 17, 2003.

Bruce A. MacTavish, Markel Markel Lambring & MacTavish, Brownstown, IN, Attorney for Appellant.

Donald L. Miller, II, Keith R. Conrad, Frost Brown Todd LLC, New Albany, IN, Attorneys for Appellee.

**OPINION**

BAKER, Judge.

Appellant-plaintiff David Puryear appeals the trial court's grant of summary judgment in favor of appellee-defendant Progressive Northern Insurance Company (Progressive). He argues that the policy is ambiguous because his status as a "listed driver" could reasonably be construed to grant him benefits as a "named insured" under the policy's uninsured-motorist provision. We conclude that the policy does not include a "listed driver" as a beneficiary of the uninsured motorist provision and that the policy otherwise specified the uninsured motorist beneficiaries. Therefore, Puryear may not invoke the ambiguity rule of insurance contract interpretation. Moreover, the contract is clear and unambiguous. The trial court's grant of summary judgment is affirmed.

## FACTS

On October 13, 1999, Puryear's "roommate," Leslie Duncan, purchased an automobile liability policy from Progressive. Appellant's Br. p. 6. The policy provided insurance for damages caused by uninsured owners or operators of vehicles and injuries resulting from a hit-and-run. Duncan was the policy's only named insured. Both Duncan and Puryear were "listed drivers" on the policy. Appellant's App. Exh. P, at 1.[1]

A hit-and-run driver later struck Puryear while he was on a sidewalk. As a result, Puryear suffered multiple bodily injuries and required extensive hospitalization ending in substantial costs. Puryear later recovered uninsured motorist benefits from an automobile insurance policy issued to him, as a named insured, by Nationwide Insurance on his vehicle. He then sought uninsured motorist benefits from the policy issued to Duncan by Progressive on her vehicle.

Progressive denied the claim, prompting Puryear to seek a declaratory judgment that he was entitled to benefits on the policy Progressive issued to Duncan. Progressive filed its motion for summary judgment contending that Puryear was seeking coverage from an insurance policy issued to another person for a loss that was unrelated to either the vehicle or person covered by the policy. The trial court granted Progressive's motion for summary judgment and Puryear now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

The party appealing from a summary judgment decision has the burden of persuading the court that the grant or denial of summary judgment was erroneous.

*Owens Corning Fiberglass Corp. v. Cobb,* 754 N.E.2d 905, 908 (Ind.2001). Summary judgment is appropriate only if the pleadings and evidence sanctioned by the trial court show that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). The review of a summary judgment motion is limited to those materials designated to the trial court. Ind. Trial Rule 56(H); *Rosi v. Bus. Furniture Corp.,* 615 N.E.2d 431, 434 (Ind.1993). On a motion for summary judgment, all doubts as to the existence of material issues of fact must be resolved against the moving party. *Owens Corning,* 754 N.E.2d at 909.

■■■ Construction of the terms of a written contract is a pure question of law for the court, reviewed de novo. *Harrison v. Thomas,* 761 N.E.2d 816, 818 (Ind.2002). "Although some 'special rules of construction of insurance contracts have been developed due to the disparity in bargaining power between insurers and insureds, if a contract is clear and unambiguous, the language therein must be given its plain meaning.'" *Beam v. Wausau Ins. Co.,* 765 N.E.2d 524, 528 (Ind.2002) (quoting *Allstate Ins. Co. v. Boles,* 481 N.E.2d 1096, 1101 (Ind.1985)). However, "'[w]here there is ambiguity, insurance policies are to be construed strictly against the insurer' and the policy language is viewed from the standpoint of the insured." *Bosecker v. Westfield Ins. Co.,* 724 N.E.2d 241, 244 (Ind.2000) (alteration in original) (quoting *Am. States Ins. Co. v. Kiger,* 662 N.E.2d 945, 947 (Ind.1996)). A contract is ambiguous only if reasonable persons would differ as to the meaning of its terms. *Beam,* 765 N.E.2d at 528. When construing the meaning of an insurance policy, "'an ambi-

---

**1.** We direct Appellant's counsel to Indiana Appellate Rule 51(C), which requires all pages of the Appendix to be numbered consecutively at the bottom.

guity is not affirmatively established simply because controversy exists and one party asserts an interpretation contrary to that asserted by the opposing party.'" *Id.* (quoting *Auto. Underwriters, Inc. v. Hitch,* 169 Ind.App. 453, 457, 349 N.E.2d 271, 275 (1976)). Because the interpretation of a contract is a matter of law, cases involving the interpretation of insurance contracts are particularly appropriate for summary judgment. *Wright v. Am. States Ins. Co.,* 765 N.E.2d 690, 692 (Ind.Ct.App.2002).

## II. Puryear's Claim

■ Puryear contends that although he was not the policy's "named insured," his status as a "listed driver" entitled him to the uninsured motorist coverage. He argues that the policy fails to define the term "listed driver" and fails to specify that the rights of a named insured differ from those of a "listed driver." According to Puryear, reasonable minds could disagree on whether the uninsured motorist coverage applied to a listed driver. As a result, he concludes that the policy should be construed in his favor.

An examination of Progressive' policy and applicable contract law establish the contrary. In the portion of the policy providing uninsured motorist coverage, Progressive agreed to pay for certain damages "which an *insured person* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* ... because of *bodily injury.*" Appellant's App. Exh. P, at 12 (emphases in original). One of the policy's definitions of an uninsured motor vehicle is a "hit-and-run vehicle whose owner or operator cannot be identified." Appellant's App. Exh. P, at 13. According to the policy, an "insured person" means in pertinent part:

   a. *you* or a *relative;*

   b. any person *occupying* a *covered vehicle;* and. [sic]

Appellant's App. Exh. P, at 12–13 (emphases in original). When used in the policy, the words "You" and "Your" refer specifically to "a person shown as the named insured on the *Declarations Page.*" Appellant's App. Exh. P, at 5 (emphasis in original). The only "named insured" appearing on the policy's Declarations Page is Duncan. It is undisputed that Puryear is not Duncan's relative. Nor was he occupying the covered vehicle at the time of the hit-and-run. We conclude, therefore, that the insurance policy specifically limited the uninsured motorist coverage to specific categories—the named insured, an insured's relative, and any person occupying a covered vehicle—and that Puryear does not fall into any of the specific categories.

■ We note that the reason for the ambiguity rule is the disparity in bargaining power between an insured and an insurer. *See Beam,* 765 N.E.2d at 528. "When the reason for a rule ceases to exist in its specific application, the rule should no longer be applicable or it should be made subject to proper exceptions." *Shriner v. Union Fed. Sav. & Loan Ass'n,* 235 Ind. 380, 385, 133 N.E.2d 861, 863 (1956). Here, the policy does not specifically list Puryear as a named insured and he does not fall into any of the categories covered by the uninsured-motorist provision. Because Puryear is not an insured, he may not invoke the ambiguity rule used in insurance-contract interpretation.

We further note that insurance-contract law establishes that Progressive's policy clearly and unambiguously limited its coverage. This court interpreted an identical policy in *Millspaugh v. Ross,* 645 N.E.2d 14 (Ind.Ct.App.1994), an opinion that Puryear unconvincingly argues we should abandon. David Millspaugh was listed as the principal driver on an insurance policy where his mother was listed as the named insured. *Millspaugh,* 645 N.E.2d at 16.

While a passenger in another vehicle, he was injured in a collision with an uninsured motor vehicle. In an action seeking the uninsured motorist benefits of his mother's policy, he claimed that he was entitled to the benefits by virtue of his status as the policy's "principal driver." *Id.* Because "principal driver" was not defined in his mother's policy, Millspaugh claimed that the policy was ambiguous and should be construed to grant him benefits. *Id.* Given that Millspaugh was over twenty-five years of age, he did not qualify under the policy's definition of relative.

In response to Millspaugh's argument, this court concluded:

> We do not agree that the contract here is ambiguous. The terms in the policy concerning entitlement to uninsured motorist coverage are clear and unambiguous. The person so entitled must appear as the named insured on the declaration page. That Millspaugh is listed as the principal driver, while relevant for other purposes, including the amount of premiums to be paid, does not transform him into a person qualified for compensation under the uninsured motorist provision of the policy. An insurance company has the right to limit the coverage of a policy issued by it and when it has done so, the plain language of the limitation must be respected. A court cannot and should not do violence to the plain terms of an insurance contract by artificially creating ambiguity where none exists.

*Id.* at 17 (citation omitted). In other words, Millspaugh could not create an ambiguity, requiring interpretation of the contract in his favor, by arguing that the term "principal driver" was undefined and thus ambiguous.

*Millspaugh* sets forth sound principles of law and we see no reason to abandon it. In order to rule in Puryear's favor, we would necessarily be engaged in "artificially creating ambiguity where none exists." *See id.* Progressive's policy clearly and specifically limits its coverage of injuries caused by an uninsured motor vehicle. We may not expand the coverage of the policy merely because it does not define a term wholly unrelated to uninsured motorist benefits.

We conclude that there is no genuine issue of material fact and that Progressive was entitled to summary judgment as a matter of law. Thus, the trial court did not err in granting Progressive's motion for summary judgment.

Judgment affirmed.

SULLIVAN, J., and DARDEN, J., concur.